Joshua Grabel (#018373)
Dan W. Goldfine (#018788)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
Facsimile: 602.382.6070
E-Mail: jgrabel@swlaw.com
        dgoldfine@swlaw.com

Attorneys for Defendants Guidance Academy, LLC; Guidance Helicopters, Inc.; Guidance Management Group, LLC, John L. Stonecipher, and Amanda Alsobrook

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES EX REL. DANIEL HAMILTON,<br><br>              Plaintiff-Relator,<br><br>v.<br><br>YAVAPAI COMMUNITY COLLEGE DISTRICT a political subdivision of the State of Arizona; JOHN MORGAN AND APRIL MORGAN, husband and wife; GUIDANCE ACADEMY, LLC, an Arizona limited liability company; GUIDANCE HELICOPTERS, INC., an Arizona corporation; GUIDANCE MANAGEMENT GROUP, LLC an Arizona limited liability company; JOHN L. STONECIPHER AND AMANDA ALSOBROOK, husband and wife,<br><br>              Defendants. | No. CV 12-08193-PCT-PGR<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS DEFENDANT GUIDANCE ACADEMY, LLC**<br><br>**AND**<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS JOHN L. STONECIPHER AND AMANDA STONECIPHER (ALSOBROOK)**<br><br>Assigned to the Honorable Paul G. Rosenblatt<br><br>(**Oral argument requested**) |

20903586

In his Response, Plaintiff-Relator Daniel Hamilton ("Relator") disregards this Court's express instruction on what constitutes sufficient allegations to support a fraud claim under Rule 9(b) and *Bell Atlantic v. Twombley*, 550 U.S. 544 (2007). At no point in Relator's reiteration of his fraud allegations does he allege plausible facts that exclude innocent explanations for Defendants' alleged actions. Such particularity is not only required by Rule 9, it is especially warranted when the allegedly improper conduct is, as here, premised on a <u>knowing</u> violation of a complex federal regulation. *See Robbins v. Oklahoma*, 519 F.3d 1242, 1249 (10th Cir. 2008) (noting that "complex claims against multiple defendants"—such as those in § 1983 cases—"pose a greater likelihood of failures in notice and plausibility."). Rather than taking this opportunity to clarify the "who, what, when, where, and how of the misconduct charged," however, Relator quarrels with the Court's application of Rule 9(b) and insists that any deviation from his narrow understanding of Regulation 4201 constitutes fraud. He also completely ignores the reasonable innocent explanations posited by this Court and Defendant Guidance Academy, LLC ("Guidance") related to their actions here.

Relator's claims are wholly dependent on the following theory: (1) all laws and interpretations associated with Regulation 4201 are objectively clear and capable of only one interpretation (theirs); and (2) that fraud occurs each time a subcontractor transparently works with the federal government/Veterans Administration ("VA") to apply Regulation 4201 to new education models for which there is no clear guidance. In doing so, Relator conflates any action outside the rules ***as he reads them*** with fraud—ignoring entirely the possibility that Guidance attempted in good faith to comply with federal law when it worked to increase the number of eligible students it could enroll. *See United States ex rel. Grenadyor v. Ukrainian Vill. Pharmacy, Inc.*, 772 F.3d 1102, 1107 (7th Cir. 2014) ("[I]t is not enough to allege, or even prove, that [defendant] engaged in a practice that violated a federal regulation. Violating a regulation is not synonymous with filing a false claim."). Relator has failed—again—to meet his burden to properly state a claim for relief.

**I.   RELATOR DISREGARDED THE COURT'S ORDER IN MULTIPLE WAYS IN HIS FIRST AMENDED COMPLAINT.**

Relator's filings either completely ignore the Order or take issue with the Court's conclusions. The Third Amended Complaint ("TAC") fails to conform its allegations to the Court's instruction—as discussed in greater detail below. The Response notes the Order in two sections, but only to criticize the Court's conclusions. *See* Response at 16:20-17:2 and n.6 (arguing the Court was wrong in concluding Guidance's employee enrollment program policy, as alleged, facially treated veteran and non-veteran students equally); *and* 24:1-19 (arguing the Court was wrong to apply Rule 9(b) pleading standards to Relator's intentional interference with contractual relations claim).

The Court gave Relator a detailed roadmap to follow to survive a motion to dismiss. *See* Doc. 94 ("Motion") at 2:8-3:13. Relator ignored this Court's map and, therefore, dismissal is warranted again. Because Relator has had four chances to allege a claim and yet still failed to do so. Given Relator's apparent disregard for the law of this case and this Court's Order, together with the deficiencies in the TAC discussed below, this matter should be dismissed with prejudice.

**II.   RELATOR'S ATTEMPT TO RE-DEFINE THE RULE 9(b) PLEADING STANDARDS IS CONTRARY TO FEDERAL LAW AND THIS COURT'S CLEAR ORDER.**

Relator is wrong as a matter of law when he argues that he need not state with particularity the circumstances giving rise to his allegations of scienter. *See* Doc. 114 ("Response") at 4-9. This Court was clear in its Order that: (1) the heightened pleading standards of Rule 9(b) apply to all of Relator's claims against Guidance; (2) Relator's claims therefore must allege the "who, what, when, where, and how" of Guidance's alleged knowing submission of false or fraudulent claims; and (3) Relator cannot state a claim of false certification by merely highlighting differences in opinion regarding Guidance's interpretation of Regulation 4201. *See* Doc. 74 ("Order") at 2:22-3:14; *United States ex rel. Hopper v. Anton*, 91 F.3d 1261, 1267 (9th Cir. 1996). Relator was required, in preparing and filing his **fourth** complaint, to allege facts in a proper manner under the

1  Order.  He has failed, and should not get a fifth chance.

2  Relator simply failed to follow this Court's direction and allege the necessary facts, largely because he cannot allege such facts, that show Guidance knew any of its actions violated Regulation 4201.  *See, e.g.*, Motion at 1:12-2:7.  Relator does not dispute that he cannot allege sufficient facts to show that Guidance knowingly submitted false claims, but now argues Guidance somehow must show Relator is wrong on the law to disprove his allegations.  *See* Response at 5:13-15.  Relator's burden-shifting is without merit.

It is not enough for Relator to opine at length the reasons he believes that Guidance submitted claims that ran afoul of an ambiguous provision of Regulation 4201, and then state conclusorily that, if he could see the illegality, then Guidance could have as well.  *See* Response at 7.  Even if Relator is right on the law, which he is not, his allegations do not show that Guidance knew its actions violated federal regulations.  *See* Order at 3:4-14 (citing *Hagood v. Sonoma County Water Agency*, 81 F.3d 1465, 1478 (9th Cir. 1996) ("The statutory phrase 'known to be false' does not mean scientifically untrue; it means a lie.")).  Nor may Relator derive the inference of scienter to defraud the federal government from allegations that Guidance acted with the object of obtaining funding or expanding its educational programs.  *See In re Rigel Pharm., Inc. Sec. Litig.*, 697 F.3d 869, 884 (9th Cir. 2012) (noting "allegations of routine corporate objectives such as the desire to obtain financing and expand" cannot without more give rise to the inference of scienter).  Indeed, seeking to expand the number of students participating in its educational programs is not evidence that Guidance sought to commit fraud, since it is equally reasonable to believe that Guidance thought it complied with Regulation 4201 – something it continues to believe now.  *See Twombly*, 550 U.S. at 567 (noting a judicial inference of scienter is inappropriate where an "obvious alternative explanation" for alleged conduct is available).  Yet this is the sum of Relator's claims.  Because Relator continues to resist this Court's clear instruction to allege the facts and circumstances of Guidance's alleged false claims with particularity, the TAC should be dismissed in its entirety with prejudice.

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

### III. THE TAC FAILS TO STATE A CLAIM FOR RELIEF.

Relator attempts in his Response to divert attention from his inability to allege particular instances of knowing misconduct by urging this Court to adopt a "broad" construction of Regulation 4201—arguing that his idiosyncratic and self-serving legal conclusions interpreting the regulations should be treated as the only objectively correct interpretation.  Response at 9:3-10:12.  This contention is misplaced.  Relator's legal conclusions regarding the regulations are not entitled to deference by this Court.  Motion at 3:14-4:16.  Even if they were, "innocent mistakes, mere negligent misinterpretations, and differences in interpretation are not false certifications under the [FCA]." *See* Order at 3:4-8 (quoting *Hopper*, 91 F.3d at 1267).  Guidance has reasonably believed that its programs comply with all rules and regulations, and Relator's failure to allege otherwise is fatal to each and every one of his claims.

#### A. Relator Fails to Allege Guidance Knowingly Submitted False Claims.

The Response mischaracterizes the relative burdens of the parties at this stage in the litigation.  Specifically, Relator claims that "[t]o overcome relator's allegations of falsity at the pleading stage, [Guidance] would have to show from the allegations of the TAC that additional flight students were (or could have been) counted as non-supported sufficient to exceed 15% non-supported enrollment."  Response at 12:3-7.  To the contrary, Guidance need not contend with Relator's conclusory allegations it violated Regulation 4201 where Relator has failed—yet again—to "plausibly make [the] requisite allegation of 'knowing' scienter in the total circumstances alleged."  Order at 3:10-14 (quoting *Gonzales v. Planned Parenthood of L.A.*, 759 F.3d 1112, 1115 (9th Cir. 2014)).  This notwithstanding, Guidance spent two pages providing Relator and this Court with its interpretation of the Regulation 4201 and explained the Rule's ambiguity as applied to this case in its Reply in support of its first Motion to Dismiss.  *See* Doc. 37 at 4-5.[1]  Even

---

[1] Indeed, Guidance notes it currently believes that its programs have been and are fully compliant with the relevant regulation.  Moreover, the VA and the United States' Attorneys' office for Arizona appear to concur, having reviewed, audited, and investigated Plaintiff's allegations multiple times, and each time declined to intervene here.

if Relator can, as he claims, "explain[] in detail, term by term, which students (he believes) can and which students cannot be counted toward compliance with [Regulation 4201]," Response at 11:24-25, the TAC fails to state a claim because Relator never alleged the "who, what, when, where, and how" of *knowing* misconduct by Guidance.

### 1. Relator Fails to State a Claim Regarding the Unified AVT Program.

Relator's conclusory assertion that Guidance and YC developed the combined AVT program "in an attempt to circumvent the [Regulation 4201]" does not make it so. *See* Response at 14:14. As is the pattern with the Response, Relator argues in the broadest terms that Guidance must have known that it caused false claims to be submitted regarding the AVT program because the program was so out of step with the regulations *as he reads them*. *See* Response at 14:14-15:12. He does not, however, address the deficiencies in the TAC highlighted by Guidance in its Motion, including his failure to allege that: (1) Guidance knowingly violated the Regulation regarding the AVT program; and (2) Guidance acted knowingly or recklessly in allowing YC to compute compliance in the manner alleged. Motion at 14:19-15:8. These failures to allege knowing misconduct are fatal to Relator's claim regarding the AVT program, and he cannot escape such deficiencies by challenging Guidance to offer a different interpretation of the program under Regulation 4201.

### 2. Relator Fails to State a Claim Regarding Employee Enrollment.

Relator's conclusory allegation that Guidance followed a tacit "institutional policy" of discrimination against veterans in its employee enrollment program also fails to address the fatal deficiencies in the TAC. The Court made clear that Relator's complaint would not survive a motion to dismiss if it failed to allege sufficient facts showing: (1) the program misclassified students as "nonsupported" under Regulation 4201; and (2) Guidance caused such misclassification with scienter. *See* Order at 13:9-14:8. The dismissed Complaint failed because: (1) Guidance's policy required participation by all employees and therefore qualified for the institutional support provision of 38 C.F.R. §

21.4201(c)(2)(iv); and (2) nothing in the dismissed Complaint plausibly showed that the program was "anything more than an attempt by Guidance to bring the PPH program into compliance with the [Regulation 4201]." *Id.* at 13:9-28, 14:1-23. The TAC adds nothing to Relator's earlier versions of the Complaint except the conclusory allegation that Guidance's non-discriminatory employee enrollment policy was a "scheme" designed to mask an "institutional policy" of unequal scholarship distribution between veterans and non-veterans. TAC ¶¶ 208, 216-18. This conclusory allegation does not cure the deficiencies this Court addressed in Relator's multiple complaints and should be disregarded. *See* Motion at 7:4-9:25.

Relator asserts for the first time in his Response that Guidance "actually prohibited" veteran employees from pursuing an aviation degree under the employee enrollment program. Response at 17:5-6. Relator also raises a new claim under the FCA for Guidance's use of the allegedly false policy statement for the program. *Id.* at 17:11-13. These new assertions did not appear in the TAC and, given that a response is not a pleading under Rule 7(a), cannot be considered at this stage. *See, e.g, Schneider v. California Dep't of Corr.*, 151 F.3d 1194, 1197 n. 1 (9th Cir. 1998) (noting a court ruling on a motion to dismiss "*may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.") (emphasis in original). Even if properly alleged, Relator lacks sufficient factual allegations to plausibly claim that Guidance violated Regulation 4201 regarding either the availability or provision of aid under the employee enrollment plan. *See* Motion at 7:4-9:25. Such an allegation is facially implausible given the allegations that the whole purpose, as alleged elsewhere, was to increase the number of students. *See Twombly* 550 U.S. at 554-57 Relator's claim on this point should be disregarded.

### 3.  Relator Fails to State a Claim Regarding the Scholarship Program.

Relator in his Response addresses none of the arguments raised regarding the Guidance-funded scholarship program. He relies solely on the allegation that a Guidance

representative "emailed YC's director of financial aid" saying "GA scholarship money was available only to students who had exhausted VA benefits" (students who would have financial need) conclude that the program "was therefore never intended to be available to veterans and non-veterans alike." Response at 17:18-20 (citing TAC ¶ 243). Even if this conclusion followed from the premise, Relator still fails to "allege that Guidance's policy in awarding such scholarships treated veteran and non-veteran students unequally." *See* Order at 15:17-25. Nor does he clarify how Guidance, as "the entity funding the money," Response at 17:18, exerted such control and influence over YC that it adopted an unspoken institutional policy of denying scholarships to veterans. *See* Motion at 10:15-11:19. This speculative allegation fails to state a claim under the FCA.

### 4. Relator Fails to State a Claim Regarding Flight Hours.

The Court rejected Relator's claim regarding alleged overbilling for flight fees because the dismissed Complaint did not "sufficiently allege facts showing Guidance submitted the alleged overbilling to YC knowing the billing to be false and for the purpose of causing YC to submit a false or fraudulent claim to the VA." Order at 17:27-18:2. Relator contends with this issue by arguing essentially that: (1) Guidance knew the contents of its bills for flight fees; and (2) Relator believes the bills were obviously false. Therefore, Relator says Guidance knowingly submitted false bills to YC. *See* Response at 19:13-23. This logic does not follow.

First, Relator completely ignores any reasonable and, at the least, equally plausible explanation for the claim that some students did not receive full flight hours. *See Twombly*, 550 U.S. at 554-57. Students who fail to appear for flight lessons may not receive flight hours under Guidance's contract and course syllabus. Motion at 12:5-19. Second, Relator fails to establish how Guidance's practice of providing half the flight hours to a student who repeated certain courses is evidence of a knowing and fraudulent charge for "services not rendered." *Id.* at 12:20-13:13. Relator alleges no plausible claim these bills were false, much less that Guidance knowingly submitted them to defraud the

government. This and the remainder of Relator's claims under Counts I and II should be dismissed with prejudice.

### B. Relator Fails to Plead Facts Establishing That Guidance Is Liable to Return Alleged Overpayments to the VA.

Regarding Count III, Relator cannot demonstrate either that: (1) Guidance retained an overpayment within the meanings of 31 U.S.C. § 3729(a)(1)(G) and (b)(3) or; (2) even if it did, that it did so knowingly. First, Relator's summary assertion that Guidance obtained an overpayment from the VA is a misguided attempt to displace the VA as the agency vested with authority to determine the amount of any overpayment. *See, e.g.*, 38 C.F.R. § 21.4009(e) ("An education institution is entitled to a hearing before a panel drawn from the Committee on School Liability before a decision is made as to whether it is liable for an overpayment."); *id.* § 21.9695(b)(4) (noting how the VA determines the amount of any overpayment). Even if Guidance was not entitled to a hearing on the amount of any overpayment, the TAC fails to allege any specific facts sufficient to state a claim including: (1) the exact amount of any overpayment, subject to offsets and proration as provided under 38 C.F.R. § 21.9695(b)(4); (2) the specific students associated with such overpayments; and (3) the reasons Guidance had to return specific funds associated with those students.

Relator's allegation that Guidance "kn[e]w that YC and GA have obtained overpayments" is entirely conclusory. TAC ¶¶ 319-20. Relator does not allege that the VA has ever found Guidance liable for overpayments in any amount. Relator's fallback allegation that this action somehow has resulted in a knowing overpayment to Guidance similarly fails because he has alleged no specific amount that the VA overpaid Guidance nor the reasons for such belief. Count III therefore should be dismissed with prejudice.

### C. Relator Fails to State a Claim for Conspiracy.

As with the FAC, Relator's conspiracy claims do not "include sufficient factual allegations to demonstrate that any misconduct has occurred, let alone that any alleged misconduct was 'knowing' as required under the FCA." Order at 18:27-19:2. Relator's

allegations regarding high school students[2] attribute no wrongful conduct to Guidance, but rely solely on inferences derived from the inadequate allegations in Counts I and II that Guidance somehow was engaged in a large-scale plan to defraud the VA. *See* Response at 18-28. Yet Relator cannot articulate how Guidance's involvement in the JTED program caused the submission of a false claim, much less that Guidance knew the program violated Regulation 4201 somehow (it does not), or how Guidance knowingly submitted a false claim. *See* TAC ¶ 273 ("YC knew that VA *might not* allow JTED students to count toward compliance."). This claim should be dismissed with prejudice for the same reasons this Court rejected the FAC.

### D. Relator Fails to Plead Sufficient Facts to State a Claim for Intentional Interference with Contractual Relations.

Under the heading "Interference with Contractual Relations," Relator in his Response attempts, for the first time, to raise an FCA retaliation claim against Stonecipher and Guidance. Response at 24:1-19. Relator cannot raise new claims and allegations in a Response under Rule 7(a), and this section of the Response should be disregarded to the extent it does so. *See Schneider*, 151 F.3d at 1197 n. 1. The same goes for Relator's attempt to use FCA retaliation cases to circumvent this Court's Order requiring him to state his intentional interference with contractual relations claim with particularity. *See* Response at 24:3-5 and n. 9.

Regarding Count VII, this claim should be dismissed with prejudice because Relator fails to allege sufficient facts showing: (1) Guidance took action that caused his termination; and (2) that Guidance did so with a motive to violate the FCA. *See* Motion at 14:5-16. Plaintiff cannot make allegations asserting FCA retaliation as the basis for an intentional interference claim, meaning he has failed to allege facts sufficient to support Count IV in the TAC.

Even if Relator had attempted to allege an FCA retaliation claim against Stonecipher and Guidance in the TAC, it would still fail. First, despite Relator's

---

[2] To the extent Relator alleges conspiracy with regard to allegations in Counts I and II, he fails to state a claim for reasons discussed in the preceding sections.

mischaracterization of the 2009 FERA amendments to the FCA, he cannot show he acted as "an employee, contractor, or agent" for Stonecipher or Guidance since he did not. *Wichansky v. Zowine*, No. CV-13-01208-PHX-DGC, 2014 WL 289924, at *3-5 (D. Ariz. Jan. 24, 2014) (rejecting arguments that FCA retaliation claims could be pursued against "anyone and everyone"). Second, Stonecipher's alleged threat to "jeopardize Relator's job," TAC ¶ 340, and the email sent by Guidance's attorney to Relator's *actual* employer, Motion at 14:4-15 and Ex. 1, cannot constitute an adverse employment action because neither Stonecipher nor Guidance had the authority to alter the terms and conditions of Relator's employment with YC. Nor can Relator show these actions by Stonecipher/Guidance were caused by any protected activity under the FCA, or had the actual effect of causing YC to take adverse employment action. This late and defective addition to Relator's claims should be dismissed with prejudice because any amendment would be futile.

### IV. RELATOR FAILS TO STATE A CLAIM AGAINST JOHN STONECIPHER OR AMANDA ALSOBROOK.

Relator also ignores, and impliedly concedes, that he cannot allege any specific personal action taken by Stonecipher[3] that would impose personal liability on Stonecipher. *See* Motion at 16:24-17:19. The TAC also fails to state any claim that would permit him to pierce the corporate veil. *See id.* Relator similarly ignores that argument. Accordingly, all claims against Stonecipher and Alsobrook should be dismissed with prejudice.

### V. CONCLUSION.

Relator has had four opportunities to state a claim, and has failed to do so. The Court need not give Relator a fifth chance. This Motion should be granted with prejudice.

---

[3] The parties agree that Amanda Alsobrook's alleged liability arises solely from her marital community with John Stonecipher.

DATED this 29th day of January 2015.

                                        SNELL & WILMER L.L.P.

By: */s/ Joshua Grabel*
     Joshua Grabel
     Dan W. Goldfine
     One Arizona Center
     400 E. Van Buren, Suite 1900
     Phoenix, Arizona 85004-2202
     Attorneys for Defendants Guidance Academy, LLC, Guidance Helicopters, Inc.; Guidance Management Group, LLC, John L. Stonecipher, and Amanda Alsobrook

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona  85004-2202
602.382.6000

20903586

12

**CERTIFICATE OF SERVICE**

 X   I hereby certify that on January 29, 2015, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System of filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Richard J. Harris
Harris & Assoc. P.C.
4204 Timbercreek Cir.
Roswell, GA 30076

Krista Carman
Warnock, MacKinley & Carman, PLLC
246 S. Cortez Street
Prescott, AZ 86303

Georgia A. Staton
Steven D. Leach
Jones, Skelton & Hochuli, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, AZ 85012

*/s/ Veronnica Dolan*