JOHN S. LEONARDO
United States Attorney
District of Arizona

TODD F. LANG
Assistant United States Attorney
Arizona Bar No. 018455
Two Renaissance Square
40 North Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408
Telephone: (602) 514-7500
Facsimile: (602) 514-7760
Todd.Lang@usdoj.gov

*Attorneys for the United States of America*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America *ex rel.* Daniel Hamilton,<br><br>Plaintiff-Relator,<br><br>v.<br><br>Yavapai Community College District, *et al.*,<br><br>Defendants. | CV-12-08193-PCT-PGR<br><br>**THE UNITED STATES OF AMERICA'S STATEMENT OF INTEREST ON DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS** |

Pursuant to 28 U.S.C. §§ 517 and 518(b) and the False Claims Act, 31 U.S.C. §§ 3729-3733 ("FCA"), the United States of America respectfully submits this Statement of Interest on Defendants' Reply in Support of Motion to Dismiss ("Reply") filed on January 29, 2015.[1]  Doc. #121.

**I.**

**INTRODUCTION**

The United States, as the real party in interest, submits this Statement of Interest to advise the Court of its view with regard to the assertion made by Defendants in their

---

[1] The United States take no position on arguments or issues beyond the scope of this Statement of Interest.

- 1 -

Reply that the United States' decision to not intervene in this matter somehow constitutes "concurrence" with Defendants' assertions that their "programs have been and are fully compliant with the relevant regulation." *Id.* at 5, footnote 1. Defendants' assertion regarding the declination is incorrect.

## II.

## ARGUMENT

The decision of the United States to not intervene cannot be construed as any sort of reflection on the merits of Relator's claims. As a general principle, any negative inference from the United States' non-intervention would undermine the purposes of the FCA. Courts "do not assume that in each instance in which the government declines intervention in an FCA case, it does so because it considers the evidence of wrong doing insufficient or the *qui tam* relator's allegations for fraud to be without merit. In any given case, the government may have a host of reasons for not pursuing a claim." *United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1360 n.17 (11th Cir. 2006) (the United States' "absence from the fray" does not mean that the relator's claims lack merit).

"Non-intervention does not necessarily signal governmental disinterest in an action," *United States ex rel. DeCarlo v. Kiewit/AFC Enterprises*, 937 F. Supp. 1039, 1047 (S.D.N.Y. 1996); it signals that the United States is not intervening – no more, no less. It is unreasonable to speculate as to the reasons for the United States' declination, and declination is not an admission by the United States that it has suffered no injury or that the relator's allegations lack merit. *See United States ex rel. Williams v. Bell Helicopter Textron Inc.,* 417 F.3d 450, 455 (5th Cir. 2005) (citing *United States ex rel. Berge v. Bd. of Trs. of the Univ. of Ala.,* 104 F.3d 1453, 1458 (4th Cir. 1997)).

As such, "[t]here is no reason to presume that a decision by the Justice Department not to assume control of the suit is a commentary on its merits. The Justice Department may have myriad reasons for permitting the private suit to go forward including limited prosecutorial resources and confidence in the relator's attorney." *United States ex rel. Chandler v. Cook County*, 277 F.3d 969, 974 n.5 (7th Cir. 2002), *aff'd*, 538 U.S. 119

(2003). "Indeed, assuming the government looked unfavorably upon each *qui tam* action in which it did not intervene would seem antithetical to the purpose of the *qui tam* provision – to encourage private parties to litigate on behalf of the government." *United States ex rel. El-Amin v. George Washington University*, 533 F. Supp. 2d 12, 21-22 (D.D.C. 2008) ("[T]he simple fact that the government did not intervene has no probative value and is not relevant").

Assuming declination is a statement on the merits of the *qui tam* allegations is inconsistent with both the plain language of and purpose behind the FCA, which expressly authorizes relators to litigate on behalf of the United States after declination. 31 U.S.C. § 3730(c)(3). Relators' right to litigate after declination would be improperly undermined if courts were to construe a declination as a comment by the United States on the merits.

## III.

## CONCLUSION

For the reasons set forth above, the Court should reject Defendants' assertion that a negative inference can be drawn from the United States' non-intervention.

Respectfully submitted this 4th day of February, 2015.

> JOHN S. LEONARDO
> United States Attorney
> District of Arizona
>
> s/ Todd F. Lang
>
> _____
> TODD F. LANG
> Assistant United States Attorney

# **CERTIFICATE OF SERVICE**

I hereby certify that on February 4, 2015, I electronically transmitted the within and foregoing **THE UNITED STATES OF AMERICA'S STATEMENT OF INTEREST ON DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS** to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

> Dan W. Goldfine
>
> Donald Charles Zavala , Jr.
>
> Donald Peder Johnsen
>
> Elizabeth Ann Gilbert
>
> Georgia A. Staton
>
> James Michael Gottry
>
> Jodi Renee Bohr
>
> Joshua Grabel
>
> Krista Michelle Carman
>
> Lon R. Leavitt
>
> Richard James Harris
>
> Steven Douglas Leach

s/ Todd F. Lang
Office of the United States Attorney