JOHN S. LEONARDO
United States Attorney
District of Arizona

TODD F. LANG
Assistant United States Attorney
Arizona State Bar No. 18455
Two Renaissance Square
40 North Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408
Telephone: (602) 514-7500
Facsimile: (602) 514-7760
Email: Todd.Lang@usdoj.gov

LON R. LEAVITT
Assistant United States Attorney
Utah State Bar No. 11245
Two Renaissance Square
40 North Central Avenue, Suite 1200
Phoenix, Arizona 85004
Telephone: (602) 514-7500
Facsimile: (602) 514-7760
Email: Lon.R.Leavitt@usdoj.gov

*Attorneys for the United States of America*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America *ex rel.* Daniel Hamilton,<br><br>    Plaintiff-Relator,<br><br>    v.<br><br>Yavapai Community College District, *et al.*,<br><br>    Defendants. | CV-12-08193-PCT-PGR<br><br>**THE UNITED STATES OF AMERICA'S STATEMENT OF INTEREST ON RELATOR'S MOTION TO RECONSIDER** |

Pursuant to 28 U.S.C. §§ 517 and 518(b) and the False Claims Act, 31 U.S.C. §§ 3729-3733 ("FCA"), the United States of America respectfully submits this Statement of Interest on the Motion to Reconsider Ruling on Scienter and Ruling on Scope of Claims Under Counts I and II ("Motion to Reconsider") filed by relator Daniel Hamilton on June 17, 2015 (Doc. 145).

## **ARGUMENT**

By statutory right, the Attorney General or any officer of the Department of Justice may attend to the interests of the United States in any suit in federal or state court and may conduct or argue any case in which the United States is interested. 28 U.S.C. § 517 (the Department of Justice is authorized "to attend to the interests of the United States in a suit pending" in federal or state court); 28 U.S.C. § 518(b) ("When the Attorney General considers it in the interests of the United States," the Attorney General may direct any officer of the Department of Justice to "conduct and argue any case" in federal court "in which the United States is interested"); *see also Hall v. Clinton*, 143 F. Supp. 2d 1, 4 (D.D.C. 2001) (stating that "the only limitation in 28 U.S.C. § 517 is that an interest of the United States be at stake" and that "the Attorney General is empowered to provide representation whenever in his opinion those interests may be jeopardized") (citations and quote marks omitted), *aff'd*, 285 F.3d 74 (D.C. Cir. 2002). This statutory authority includes the right to file a statement of interest. *Gross v. German Foundation Industrial Initiative*, 456 F.3d 363, 384 (3d Cir. 2006) ("The United States Executive has the statutory authority, in any case in which it is interested, to file a statement of interest") (quoting 28 U.S.C. § 517).

Moreover, the United States is always the real party in interest in a *qui tam* case under the FCA, even when it has not intervened. *See United States ex rel. Stoner v. Santa Clara County Office of Education*, 502 F.3d 1116, 1126 (9th Cir. 2007) (under the FCA, "the underlying claim of fraud always belongs to the government"); *United States v. Schimmels*, 127 F.3d 875, 883 (9th Cir. 1997) ("the government is the true party in interest in any *qui tam* action, despite the relator's litigious role"). As such, the United States has filed statements of interest in declined *qui tam* cases to protect its interests and to assist courts in their formulation of FCA jurisprudence. *See, e.g., United States ex rel. Shea v. Verizon Business Network Services, Inc.*, 904 F. Supp. 2d 28, 31 (D.D.C. 2012) (noting in a declined *qui tam* case that the United States filed a statement of interest regarding defendants' motion to dismiss), *vacated on other grounds*, *United States ex rel. Shea v.*

*Cellco Partnership*, --- U.S. ----, 2015 WL 2464044 (June 1, 2015); *United States ex rel. Heineman-Guta v. Guidant Corporation*, 874 F. Supp. 2d 35, 38 n.4 (D. Mass. 2012) (same); *United States ex rel. Mastej v. Health Management Associates, Inc.*, 869 F. Supp. 2d 1336, 1339 (M.D. Fla. 2012) (same); *United States ex rel. Fellhoelter v. Valley Milk Products, L.L.C.*, 617 F. Supp. 2d 723, 729 (E.D. Tenn. 2008) (in response to separate motions to dismiss, the United States filed two statements of interest in a declined *qui tam* case "making a number of arguments" in support of its views on the scope of the FCA); *Coleman v. Hernandez*, 490 F. Supp. 2d 278, 280 (D. Conn. 2007) (the United States, in a declined *qui tam* action, filed two statements of interest concerning the number of claims and the calculation of damages and penalties); *United States ex rel. McCready v. Columbia/HCA Healthcare Corporation*, 251 F. Supp. 2d 114, 119-20 (D.D.C. 2003) (the United States filed a statement of interest on a motion to dismiss in a declined *qui tam* case where the statement did not address factual issues and was designed solely to protect the United States' interests).

The Motion to Reconsider[1] raises an issue that implicates the United States' interests in pursuing actions under the FCA, namely, the proper standard for pleading and proving scienter. Requiring the United States or a *qui tam* relator to allege or show that a defendant was actually aware of the false claims or statements or that a defendant intentionally submitted false claims or statements is inconsistent with Ninth Circuit precedent, improperly heightens the already higher pleading requirement applicable to FCA complaints, and imposes a standard of proof and level of scienter that are unsupported by the FCA's plain language and Ninth Circuit decisions interpreting it.

Actual knowledge, specific awareness, and intent to deceive are not necessary to plead or prove knowledge under the FCA. The FCA provides that "the terms 'knowing' and 'knowingly' mean that a person, with respect to information has actual knowledge of this information; acts in <u>deliberate ignorance</u> of the truth or falsity of the information; or

---

[1] The United States takes no position as to the sufficiency of relator's Third Amended Complaint or any other issue beyond the scope of this Statement of Interest.

- 3 -

1  acts in <u>reckless disregard</u> of the truth or falsity of the information; and <u>require no proof of</u>
2  <u>specific intent to defraud</u>[.]" 31 U.S.C. § 3729(b)(1) (emphasis added).[2]

3        This is made clear not only by the FCA itself, but also by several Ninth Circuit
4  cases. For example, in *Hooper v. Lockheed Martin Corp.*, 688 F.3d 1037, 1049 (9th Cir.
5  2012), the district court required relator to demonstrate that the defendant acted with "the
6  intent to deceive." *Hooper v. Lockheed Martin Corp.*, 688 F.3d 1037, 1049 (9th Cir.
7  2012). The Ninth Circuit, however, disagreed and held that "[t]he district court applied
8  the wrong legal standard under the 'knowledge' prong of the FCA." *Id.* Quoting and
9  applying the FCA's definitions of "knowing" and "knowingly," the Ninth Circuit held that
10 by requiring a showing of intent to deceive, "the district court employed the wrong legal
11 standard for determining FCA liability with regard to whether [relator] had established
12 that [defendant] 'knowingly' submitted a fraudulent underbid." *Id.*

13       Several other Ninth Circuit cases are to the same effect. *See United States v.*
14 *Bourseau*, 531 F.3d 1159, 1167 (9th Cir. 2008) (holding that no proof of specific intent to
15 defraud is required under the FCA); *United States ex rel. Plumbers and Steamfitters Local*
16 *Union No. 38 v. C.W. Roen Const. Co.*, 183 F.3d 1088, 1092-93 (9th Cir. 1999) ("While
17 some of our cases may contain extraneous comments that might be read out of context to
18 suggest that the FCA requires an intentional lie to trigger liability, those cases almost
19 invariably reiterate the controlling statutory language that is determinative of their
20 outcome. . . . Thus, in order to be liable for an FCA violation, [defendant's] conduct need
21 only qualify under one of the alternative statutory standards, such as 'deliberate
22 ignorance' or 'reckless disregard.'"); *United States ex rel. Hagood v. Sonoma County*
23 *Water Agency*, 929 F.2d 1416, 1421 (9th Cir. 1991) ("[W]hat constitutes the offense is not

---

[2] As the Ninth Circuit and this Court have held, knowledge under the FCA "and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b); *see also United States v. Corinthian Colleges*, 655 F.3d 984, 996 (9th Cir. 2011) (knowledge under the FCA can be alleged generally); *United States ex rel. Frazier v. IASIS Healthcare Corp.*, 812 F. Supp. 2d 1008, 1015 (D. Ariz. 2011) (same); *United States ex rel. Calisesi v. Hot Chalk, Inc.*, No. CV-13-01150-PHX-NVW, 2015 WL 1966463, at *3 (D. Ariz. May 1, 2015) (same); *United States ex rel. Sallade v. Orbital Sciences Corp.*, No. SC05-00604-PHX-NVW, 2008 WL 114888, at *4 (D. Ariz. Jan. 4, 2008).

1 intent to deceive but knowing presentation of a claim that is either 'fraudulent' or simply
2 'false.'  The requisite intent is the knowing presentation of what is known to be false.")
3 (citations omitted).

4       This Court and others within the Ninth Circuit have recognized and followed this
5 standard in other cases.  *See United States ex rel. Kozak v. Chabad-Lubavitch Inc.*, No.
6 2:10-cv-01056-MCE-EFB, 2015 WL 2235389, at *10 (E.D. Cal. May 11, 2015) ("The
7 [FCA] itself makes clear that reckless disregard can suffice and that no proof of specific
8 intent to deceive is required.") (citations and quote marks omitted); *United States ex rel.*
9 *Huey v. Summit Healthcare Association, Inc.*, No. CV-10-8003-PCT-FJM, 2011 WL
10 814898, at *3 (D. Ariz. Mar. 3, 2011) (the FCA's "'knowingly' scienter requirement does
11 not require 'proof of specific intent to defraud'") (citation omitted); *United States ex rel.*
12 *Jordan v. Northrop Grumman Corp.*, No. CV-95-2985-ABC, 2002 WL 34251040, at *12
13 (C.D. Cal. Aug. 5, 2002) ("[T]o prevail under the FCA, the Government is not required to
14 show a specific intent to defraud.  Rather, the Government must show that the Defendant
15 acted in reckless disregard of the truth.") (quote marks omitted).  The Court should do so
16 in this case as well.

## **CONCLUSION**

18       Consistent with the FCA and Ninth Circuit precedent, the United States
19 respectfully requests a ruling from the Court that reckless disregard or deliberate
20 ignorance—not actual knowledge or intent to deceive—is sufficient to plead and prove
21 scienter under the FCA (31 U.S.C. § 3729(b)(1); *Hooper*, 688 F.3d at 1049).

22       Respectfully submitted this 19th day of June, 2015.

JOHN S. LEONARDO
United States Attorney
District of Arizona

s/ Todd F. Lang
TODD F. LANG
Assistant United States Attorney

s/ Lon R. Leavitt
LON R. LEAVITT
Assistant United States Attorney

- 5 -

**CERTIFICATE OF SERVICE**

I hereby certify that on June 19, 2015, I electronically transmitted the within and foregoing **THE UNITED STATES OF AMERICA'S STATEMENT OF INTEREST ON RELATOR'S MOTION TO RECONSIDER** to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Georgia A. Staton

Steven D. Leach

Richard J. Harris

Donald P. Johnsen

Donald C. Zavala, Jr.

Dan W. Goldfine

Joshua Grabel

Krista M. Carman

Jodi R. Bohr

Elizabeth A. Gilbert

Thomas J. Clees

s/ Todd F. Lang
Office of the United States Attorney