Joshua Grabel (#018373)
Dan W. Goldfine (#018788)
Thomas Clees (#031638)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
Facsimile: 602.382.6070
E-Mail:    jgrabel@swlaw.com
           dgoldfine@swlaw.com
*Attorneys for Defendants Guidance Academy, LLC,
John L. Stonecipher, and Amanda Stonecipher
(Alsobrook)*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES EX REL. DANIEL HAMILTON,<br><br>                    Plaintiff-Relator,<br><br>v.<br><br>YAVAPAI COMMUNITY COLLEGE DISTRICT a political subdivision of the State of Arizona; JOHN MORGAN AND APRIL MORGAN, husband and wife; GUIDANCE ACADEMY, LLC, an Arizona limited liability company; GUIDANCE HELICOPTERS, INC., an Arizona corporation; GUIDANCE MANAGEMENT GROUP, LLC an Arizona limited liability company; JOHN L. STONECIPHER AND AMANDA ALSOBROOK, husband and wife,<br><br>                    Defendants. | No. CV 12-08193-PCT-PGR<br><br>**DEFENDANTS GUIDANCE ACADEMY, LLC, JOHN L. STONECIPHER AND AMANDA STONECIPHER (ALSOBROOK)'S RESPONSE IN OPPOSITION TO RELATOR'S MOTION FOR RECONSIDERATION**<br><br>Assigned to the Honorable Paul G. Rosenblatt |
| GUIDANCE ACADEMY, LLC, an Arizona limited liability company, JOHN L. STONECIPHER,<br><br>                    Counterclaimants,<br><br>v.<br><br>DANIEL HAMILTON,<br><br>                    Counterdefendant. | |

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

Snell & Wilmer

L.L.P.

LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

1    Under Local Rule 7.2(g) a motion for reconsideration **shall be denied** if: (1) the
2    arguments made in the Motion were previously made in the Order that the Motion is
3    seeking reconsideration of; or (2) if it is not filed within **fourteen days of the challenged**
4    **order** and does not demonstrate good cause for the delay.  Additionally, for such a Motion
5    to be considered by the Court it must demonstrate either:   (1) manifest error in the
6    challenged order, or (2) new facts or legal authority **that could not have been raised**
7    **earlier with due diligence**.  *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*,
8    5 F.3d 1255, 1263 (9th Cir. 1993) (noting these are the general standards for
9    reconsideration in the Ninth Circuit).  This Motion should be denied because it fails to
10   meet all of these requirements.

11   Relator Daniel Hamilton ("Relator") asserts in his Motion that he is seeking
12   reconsideration of this Court's April 2, 2015 (the "April 2015 Order"), meaning that by
13   his own admission, his Motion is at least two months too late.  *See* Motion at 1 [Doc.
14   145]; April 2015 Order [Doc. 127].  What Relator does not acknowledge in his Motion,
15   and what he hopes this Court will ignore, is the fact that he is really seeking
16   reconsideration of this Court's September 9, 2014 Order, which stated and applied the
17   exact same standard related to scienter under the False Claims Act ("FCA") that the April
18   2015 Order did.  *See* September 9, 2014 Order (the "2014 Order") [Doc. 74 at 2-3].  In
19   fact, Relator made the exact same arguments he is making in his Motion in his opposition
20   to Guidance's Second Motion to Dismiss here.  *See* Relator's Opposition to Guidance's
21   Second Motion to Dismiss [Doc. 128] ("Relator's Second Opposition").   Relator's
22   "reconsideration" Motion is both untimely and inappropriate under the Local Rules, and
23   should be denied.  *See* L.R. 7.2(g).

24   Perhaps recognizing this, Relator's counsel asserts that he has "newly discovered
25   facts" that supports reconsideration of the earlier Orders. Specifically, Relator's counsel
26   attaches a Declaration citing to documents that he now claims support his allegations, and
27   claims that the evidence was "newly discovered."  What he failed to disclose to the Court
28   is the fact that this "evidence" was disclosed to Relator on **January 31, 2014—over 17**

**months before the Motion was filed.** *See* Doc. 46 (YC's Notice of Service of Discovery Responses); Declaration of Elizabeth A. Gilbert of July 10, 2015 (Gilbert Decl.) [Doc. 162]. For Relator to cite documents that were in his possession for 17 months as "newly discovered facts" is disingenuous at best. Moreover, any contention that the 17 month delay in finding this evidence is a reasonable delay that resulted despite diligent efforts by Relator to pursue his claims is simply not credible given the fact that Relator's counsel was able to discover the documents within 12 days of this Court's June 2015 Order. Relator has not, and cannot provide any justification for waiting 9 months to seek Reconsideration of this Court's Orders, and his questionable efforts to justify his delay should not be rewarded.

Finally, contrary to Relator's assertions, there is no manifest error in the challenged Orders from September 2014 and April 2015. The Court clearly stated the proper standard for scienter under FCA claims, and then applied that standard, in dismissing Relator's claims with prejudice in the April 2015 Order and limiting discovery in the June 2015 Order. Relator does not, and cannot, show that the Court's determinations were manifest error. The purported "new" evidence he offers does not change anything about the fact that he failed to sufficiently allege any claims in the Third Amended Complaint [Doc. 82] ("TAC"), it just shows that Guidance was acting diligently to comply with the VA's requirements. *See United States v. Sanford-Brown, Ltd.*, No. 14-2506, 2015 WL 3541422, at *12 (7th Cir. June 8, 2015) ("[U]nder the FCA, evidence that an entity has violated conditions of participation after good-faith entry into its agreement with the agency is for the agency – not a court – to evaluate and adjudicate.") Moreover, Relator's assertion the TAC contained an additional 85/15 Rule claim from between Fall 2011 and Summer 2013 that the Court did not address in its April Order is not factually or legally supportable, as Relator did not outline this alleged additional claim at any point prior to this Motion. This Response is supported by the following Memorandum of Points and Authorities.

1

2                          **MEMORANDUM OF POINTS AND AUTHORITIES**

3   **I.    RELATOR'S MOTION CHALLENGES ALL OF THE ORDERS IN THIS
          CASE RELATED TO THE MOTIONS TO DISMISS—INCLUDING THE
4         RULINGS MADE BY THIS COURT IN SEPTEMBER 2014.**

5        **A.    Local Rule 7.2(g) requires as a Condition Precedent to Having a Motion
                for Reconsideration Considered that it be Filed Within 14 Days of the
6               Date of the Order that is Subject to the Motion.**

7        Arizona's Local Rules of Civil Procedure very clearly lay out the procedure for

8   filing a Motion for Reconsideration:

9        (1)    Form and Content of Motion. ***The Court will ordinarily deny a***
10  ***motion for reconsideration of an Order absent a showing of manifest***
    ***error or a showing of new facts or legal authority that could not have***
11  ***been brought to its attention earlier with reasonable diligence***.  Any such
    motion shall point out with specificity the matters that the movant believes
12  were overlooked or misapprehended by the Court, any new matters being
    brought to the Court's attention ***for the first time and the reasons they***
13  ***were not presented earlier***, ***and any specific modifications being sought in***
    ***the Court's Order***. ***No motion for reconsideration of an Order may repeat***
14  ***any oral or written argument made by the movant in support of or in***
    ***opposition to the motion that resulted in the Order. Failure to comply***
15  ***with this subsection may be grounds for denial of the motion.***
16

17       (2)    Procedure. . . .  Absent good cause shown, any motion for
    reconsideration ***shall be filed no later than fourteen (14) days after the***
18  ***date of the filing of the Order that is the subject of the motion***.

19  L.R. 7.2(g) (emphasis added); *Cf. Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS,*

20  *Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  A Motion for Reconsideration must be filed

21  within 14 days after the Order it seeks reconsideration of is issued unless there is good

22  cause for the delay, in which case it still must be filed as expeditiously as possible.

23       Here, Relator's Motion fails to meet ALL of these criteria.  Relator's Motion is not

24  timely because he is really seeking reconsideration of the September 2014 Order

25  dismissing his First Amended Complaint.  Moreover, Relator has already made the exact

26  same argument he is making here at least twice before.  Relator should not be given a

27  third bite of the apple.  The Timeline below demonstrates clearly how late Relator's

28  Motion is:

| Date | Relevant Event |
|------|----------------|
| Sept. 24, 2012 | Initial complaint filed [Doc. 1] |
| June 2013 | United States declines intervention.  [Doc. 4]. |
| July 15, 2013 | Relator files First Amended Complaint. [Doc. 8]. |
| October 11, 2013 | Guidance files Initial Motion to Dismiss.  [Doc. 23]. |
| November 12, 2013 | Relator files Response and argues the standard for alleging scienter in an FCA claim, just as he does in the instant Motion.  *See* Doc. 30 at 8-9. |
| **January 31, 2014** | **YC produces all documents Relator cites in his Motion as "newly discovered evidence" to Relator.  *See* YC's Notice of Production of Documents [Doc. 46]; Gilbert Decl. [Doc. 162].** |
| April 18, 2014 | YC *re-produces* all documents Relator cites as "newly discovered evidence" in the Motion, this time in a text-searchable format.  *See* YC's Second Notice of Production of Documents [Doc. 56]; Gilbert Decl. [Doc. 162]. |
| **September 9, 2014** | **September 2014 Order issued.  The Court dismisses Plaintiff's First Amended Complaint and articulates the *same standard* for scienter under the FCA as the Court does in the April Order.  *See* September 2014 Order at 3, 13-14, 18 [Doc. 74].** |
| October 3, 2014 | Relator files his Second Amended Complaint.   Doc. 77 ("SAC"). |
| October 20, 2014 | Plaintiff files the Third Amended Complaint, 9 months after receiving the allegedly "newly discovered evidence."  Doc. 82 ("TAC"). |
| November 19, 2014 | Guidance moves to dismiss Relator's claims again, arguing (among other things) Relator has failed to allege Guidance acted with scienter to defraud the VA in its efforts to comply with the 85/15 Rule.   Guidance specifically argues that it did not knowingly defraud or act with "reckless disregard for the Program's non-compliance," citing the 2014 Order on scienter.  Guidance's Motion to Dismiss the TAC ("Guidance Second MTD") at 7 [Doc. 94]. |
| January 9, 2015 | In Response, Relator argued that he did allege scienter in the TAC because: (1) Guidance and YC had a "duty to familiarize themselves" with VA regulations and failed to do so, and (2) VA allegedly warned Guidance and YC were not in compliance with regulations.  Relator's (second) Response in Opposition to Guidance's Motion to Dismiss at 4-8 [Doc. 128] |

Snell & Wilmer

L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

| Date | Relevant Event |
|---|---|
| | ("Second MTD Response"). |
| | **This is the exact same argument Relator is making in the Motion.** |
| **April 2, 2015** | **The Court grants in part and denies in part Guidance's Second MTD. In so doing, the Court holds that the standard for scienter includes "knowing" and "deliberate indifference or reckless disregard" under the FCA, Doc. 127 at 7. The Court then: (1) dismissed all claims up to and including the Summer 2011 term, for failure to allege scienter, *id.* at 9-10 and (2) dismissed all other 85/15 Rule claims for the period from Fall 2011 through Spring 2013, *id.* at 10-19.** |
| | **The Court also makes clear that all claims prior to Fall 2013 are dismissed with prejudice.** |
| June 3, 2015 | For purposes of discovery, the Court again clarifies that "the 85/15 Rule claims contained in the TAC for the period from Fall 2011 through Spring 2013 relate only to the [Guidance] Employee Enrollment Plan or the [Guidance] Scholarship program/Expanded Scholarship Program, and those claims have therefore been dismissed." [Doc. 140 at 3]. |
| June 16, 2015 | Relator files this Motion, asking the Court reconsider the April 2015 Order. [Doc. 145 at 2-3, 5-8]. |
| June 19, 2015 | United States files its "Statement of Interest re: Motion for Reconsideration" seeking the same consideration. [Doc. 147] ("SOI") |

## B.    Relator's Motion is Untimely with Regard to Both the April 2015 and the September 2014 Orders.

It is undisputable that: (1) Relator received the "newly discovered evidence" on **January 31, 2014,** and again in a text-searchable format on **April 18, 2014**; (2) the Court issued a ruling stating the standard for scienter on Relator's FCA claims in the September 2014 Order; (3) Relator then filed two amended Complaints and a Response to Guidance's Second MTD arguing exactly what he is arguing in the instant Motion; and (4) the Court issued the April 2015 Order deciding the scienter issue, two-and-a-half months before the Relator filed this Motion. Thus, it is undisputable that Relator is at least two months too late. *See* LR 7.2(g)(2).

6

1    As proof, the Court need look no further than the first sentence of the Motion,

2    where Relator admits he is seeking reconsideration of the April 2015 Order, which had to

3    be filed by no later than April 16, 2015. *See* Motion at 1 (asking for reconsideration of

4    Docs. 140 and 127). Relator goes on to cite the April 2015 Order that he would like

5    reconsidered at least five separate times in the Motion, despite the fact the deadline to

6    seek reconsideration was April 16, 2015. *See* Motion at 2-3, 5-8, 12; LR 7.2(g)(2).

7    Relator's actions are even more egregious because, aside from admitting he is

8    challenging the April 2015 Order, he fails to acknowledge that he is also challenging the

9    Court's September 2014 Order.  In the September 2014 Order, the Court stated the

10    standard for determining scienter was that "the Court must dismiss a claim brought under

11    the Act if it fails 'to plausibly make [the] requisite allegation of 'knowing' scienter in the

12    total circumstances alleged.'"  Order at 3 (*citing Gonzalez v. Planned Parenthood of Los*

13    *Angeles*, 759 F.3d 1112, (9th Cir. 2014); *see also* Order at 13-14 ("The allegation is

14    therefore insufficient to make the necessary showing that the employee enrollment

15    program was implemented, and the students enrolled through the program were counted

16    as nonsupported, with the intent by [Guidance] of submitting or causing to be submitted a

17    false or fraudulent certification to the government."); 18 (scienter requires knowing

18    misconduct by Guidance).  The Court's holdings with regard to scienter have been clear,

19    consistent, and repeated since September 2014.  Relator had a specific timeline to either

20    file pleadings that met that standard or seek reconsideration—he did neither. Relator's

21    Motion should be denied for this reason alone.[1]

22

---

23    [1] Similarly, while the U.S. may, under certain circumstances, interject into *qui tam*
24    actions, it ***must do so in conformance with all applicable procedural requirements to be***
      ***considered.  See United States ex rel. Gudur v. Deloitte Consulting LLP***, 512 F. Supp. 2d
25    920, 927-29 (S.D. Tex. 2007) *aff'd sub nom. United States ex rel. Gudur v. Deloitte &*
      *Touche*, No. 07-20414, 2008 WL 3244000 (5th Cir. Aug. 7, 2008) (collecting authorities)
26    (granting motion to strike the Government's Statement of Interest responding to a motion
      for summary judgment because the statement was not timely filed during the Rule 16
27    schedule for briefing the motion); Response to SOI filed concurrently with this Response.
      If the U.S. wanted to urge reconsideration of any of the Orders at issue here, it had to do
28    so by ***no later than June 17, 2015***.  The U.S. did not do so, and has not suggested any
      good cause for its delay, because none exists.

Snell & Wilmer

L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

**C.    Relator's Motion is Repeating Arguments he Made in his Opposition to the Orders he is Asking the Court to Reconsider, and Thus is Not Appropriate Under Local Rule 7.2(g).**

Relator's Motion should also be denied because the argument he is making is the *same argument* he made in his Opposition to Guidance's Second Motion to Dismiss, meaning it is expressly prohibited under Local Rule 7.2(g)(1).  [Doc. 128].  Relator was aware of the issues in his current Motion related to scienter under the FCA when he filed the SAC and the TAC.  In his Opposition to Guidance's Second MTD, in a section entitled "**Scienter under the FCA**", Relator spent over 4 pages arguing that the legal standard for scienter should be "reckless disregard," just as he is doing here.  *See* Doc. 128 at 4-9.  He specifically argued, citing many of the same cases he cites in the instant Motion, his position on what the standard for scienter should be, just as he does in the Motion here.  *Compare* Opposition to Second MTD at 6-9 *with* Motion at 5-8. [Docs. 128 & 145].  Relator also made this argument in opposing Guidance's initial Motion to Dismiss in November 2013, arguing that "[r]eckless disregard for the falsity of a claim is sufficient to prove scienter under the [FCA]."  *See* Doc. 30 at 8. Relator is not allowed to repeat arguments he previously made that were addressed in both the September 2014 and April 2015 Orders under the Local Rule, which *expressly prohibits* repeating "any . . . written argument made by the movant . . . in opposition to the motion that resulted in the Order." *See* April 2015 Order at 6-7, 9-10; Local Rule 7.2(g)(1); *Cf.  Brazier v. Maricopa Cnty. Sheriff's Office*, No. CV 04-1678-PHX-JAT, 2006 WL 1455569, at *1 (D. Ariz. May 22, 2006) ("[Post-judgment motions] cannot be used to ask the Court to rethink what the Court has already thought through merely because a plaintiff disagrees with the Court's decision.") (internal quotation marks omitted).  Relator's Motion must be denied.

**D.    The Contention that Good Cause Existed for Relator's Delay in Raising these Issues Because of "Newly Discovered Evidence" is Not Only False, it is Likely Intentionally Misleading.**

Relator provides no legitimate reason for failing to timely challenge the settled law of this case with regard to scienter and the categories of claims dismissed from the TAC, and instead waiting nine months to do so.  "Good cause primarily considers a party's

Snell & Wilmer

L.L.P.
——
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona  85004-2202
602.382.6000

diligence in filing the motion." *N'Genuity Enterprises Co. v. Pierre Foods, Inc.*, No. CV-09-385-PHX-GMS, 2010 WL 94248, at *1 (D. Ariz. Jan. 5, 2010) (internal quotation marks and citation omitted) (denying untimely-filed motion for reconsideration). "The overwhelming weight of authority is that the failure to file documents in an original motion or opposition does not turn the late-filed documents into 'newly discovered evidence.'" *Multnomah Cnty*, 5 F.3d at 1263 (collecting authorities holding materials available to a party at the time briefs were filed cannot be considered "newly discovered evidence" on motion for reconsideration).

Relator's counsel's assertion that he has "new" evidence he allegedly "discovered" after June 3, 2015 is not credible here, where it is beyond dispute that Relator has had the documents in his possession since January 2014. YC produced all of the documents to Relator that are cited by Relator's counsel as "newly discovered evidence" on or before January 31, 2014. *See* Motion at 2-3, 9, 12; Declaration of Richard J. Harris in Support of Relator's Motion to Reconsider [Doc. 146] (citing documents YC002354, YC002362, YC005454-5455, YC002806 as "newly discovered evidence"); YC's Notice of Service of Discovery [Doc. 46]; Gilbert Decl. [Doc. 162]. Even assuming his assertion is true, Relator was simply not diligent, and this Court should not reward Relator's lack of diligence with an excuse not to abide by the Rules.

Relator had these documents when preparing his SAC and TAC after the Court established the law of the case for scienter in this matter. [Doc. 74]. He had these documents when the parties briefed Guidance's Second MTD. And he had these documents on the day this Court dismissed all his FCA claims prior to Fall 2013, April 2, 2015 Order. [Doc. 127]. Despite this, he never cited to them, or any of the statements within them, during that time, and did not seek reconsideration of the April.

Relator's assertion that documents that have been in his possession for 17 months can constitute "newly discovered evidence" that justifies reconsideration is at best not credible, and is clearly not acceptable under the Local Rules and Ninth Circuit law. *See N'Genuity Enterprises,* 2010 WL 94248, at *1. Relator's apparent failure to review

Snell & Wilmer

L.L.P.

LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona  85004-2202
602.382.6000

9

documents provided to him on January 31, 2014 for almost a full year-and-a-half to determine if they are necessary for his claim demonstrates an incredible lack of diligence by Relator. He should not be rewarded for such actions.

Moreover, the contention that Relator could not, for 17 months, discover this evidence, but that he did in fact "discover" it within 14 days of this Court's June 3, 2015 Order demonstrates, conclusively, that Plaintiff did not act diligently before then in reviewing this information. *See id.* Relator's decision not to review these documents prior to amending his Complaint after the September 2014 Order was entered and before he filed his Amended Complaints and/or responded to Guidance's Second MTD, and instead to wait until after the June 3 Order was issued, shows an incredible lack of diligence on his part—one that he is accountable for. *See Sanford-Brown*, ___ F.3d ____; 2015 WL 3541422, *4 ("[A] party is bound by what it states in its pleadings.") There is no "good cause" for Relator's delay in discovering this new "evidence," and Relator's contention to the contrary is not credible. Relator bore the burden to draft plausible allegations under the FCA and failed even though he had these documents in his possession – there is nothing to reconsider. *See id.*

## II. RELATOR'S MOTION SHOULD ALSO BE DISMISSED BECAUSE RELATOR IS WRONG—THE COURT APPLIED THE PROPER STANDARD TO RELATOR'S ALLEGATIONS REGARDING SCIENTER.

### A. This Court Properly Stated and Applied the FCA Standards Related to Scienter in Evaluating this Claim in Both its September 2014 and April 2015 Orders.

Assuming that for some reason, this Court does not deny a Motion that clearly does not comply with the Local Rules because it—(1) is untimely; (2) restates arguments made in the prior motions related to the Orders in question; and (3) there was no good cause for the delay—this Court should still deny the Motion because Relator is misreading the Court's September 2014 and April 2015 Orders. Relator argues the Court should reinstate all dismissed claims in the TAC prior to Fall 2011 because the Court allegedly applied the wrong standard for scienter under the FCA. Motion at 2, 4-7. But that assertion ignores the fact that the Court did, in fact, state the correct standard related to scienter for the FCA

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

(the one that Relator is advocating for), and then appropriately and correctly dismissed his FCA allegations for failure to state a claim.

First, Relator does not demonstrate where, or how, the Court applied a specific intent standard for scienter. The Court explicitly stated the scienter standard it would apply in the April 2015 Order when it said:

> The FCA targets falsity, not negligent misrepresentation. *See United States ex rel. Hopper v. Anton*, 91 F.3d 1261, 1267 (9th Cir. 1996). Thus, "[i]nnocent mistakes, mere negligent representations and differences in interpretations are not false certifications under the Act." *Id.*; *see Hagood v. Sonoma County Water Agency*, 81 F.3d 1465, 1478 (9th Cir. 1996) ("The statutory phrase 'known to be false' does not mean scientifically untrue; it means a lie.") (internal quotation marks and citation omitted). ***On the other hand, the "knowing" scienter needed for a violation of the FCA may be established not only though a showing of actual knowledge of the falsity of a claim, but also through a showing of deliberate indifference or reckless disregard of whether the claim is false***. *Hooper v. Lockheed Martin Corp.*, 688 F.3d 1017, 1050 (9th Cir. 2012). This Court must dismiss a claim brought under the FCA if it fails "to plausibly make [the] requisite allegation of 'knowing' scienter in the total circumstances alleged." *Gonzalez v. Planned Parenthood of L.A.*, 759 F.3d 1112, 1115 (9th Cir. 2014).

April 2015 Order at 6-7 (emphasis added). Relator does not address this, suggest that this is a misstatement of the law, or that any of the cases he cites in his Motion either abrogate or overturn the authorities relied on by the Court.

The Court then went on to properly determine, *for the second time,* that Relator had failed to plausibly allege facts that show that Guidance acted knowingly, or with reckless disregard to, its compliance with the complex federal regulatory scheme at issue. Given this, it is plain the Court applied the "reckless disregard" standard for which Relator advocates and found Relator's allegations insufficient under that standard. Specifically, the Court held "[t]he TAC does not contain factual allegations demonstrating that prior to June 2011 Defendants were aware that they were not in compliance with the 85/15 Rule, let along that they knowingly and intentionally submitted false claims." April 2015 Order at 10. This is the appropriate standard, and there is no dispute that the Court applied it in dismissing Relator's claims. This decision is final, and Relator should not now be allowed to amend his pleadings with evidence he had at the time he filed the TAC.

Relator's Motion then merely criticizes the Court's unwillingness to permit him to lay inference upon inference to plead scienter in the TAC, essentially trying to file an appeal here. Indeed, Relator simply regurgitates the same "inferences of reckless disregard" for claims prior to Fall 2011 that he raised in the January 2015 Response, and that the Court rejected. *Compare* January 2015 Response at 4-8 *with* Motion at 6-8; *see also* L.R. 7.2(g)(1); *see also Brazier*, 2006 WL 1455569, at \*1 . As Guidance has demonstrated, all Relator alleged is that Guidance was aware of the need to comply with the VA regulation, and that Guidance made substantial efforts to do so in ways that it believed (and believes) comply with the VA regulations. The complex regulatory scheme in question does not, as Relator alleged, clearly and unequivocally lead to the express requirements Relator suggests it does, and Guidance's programs were, and are, compliant with those regulations. Local Rule 7.2(g) explicitly precludes the Court and the parties from re-litigating the same arguments here as were disposed of in prior briefing for Guidance's motions to dismiss. The Court's judgment is now the settled law of this case and beyond re-litigation in this forum.

Moreover, the Court's Orders are supported by a recently announced, very similar FCA case related to a post-secondary school's compliance with complex federal regulatory regime in the Seventh Circuit. In *Sanford-Brown,* a former employee brought a *qui tam* action alleging that the institution that he worked for had violated the FCA because, he asserted, it had entered an agreement to comply with various complex federal higher education regulations and requirements and then had, at some point, violated one of the laws, rendering all requests for federal aid an FCA violation. *Sanford Brown¸* 2015 WL at \*\*9-10. The trial court and Seventh Circuit disagreed, holding that there is a distinction between an intent to defraud out the outset of a program and an alleged breach of contract during performance. "Absent evidence of fraud before entry, non-performance after entry into an agreement for government subsidies does not impose liability under the FCA." *Id.* at \*11. The Court further held that:

Snell & Wilmer

L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

> The FCA is simply not the proper mechanism for government to enforce violations of conditions of participation contained in—or incorporated into—a [Contract]. *Mikes v. Straus*, 275 F.3d 687, 699 (2d Cir. 2001 ("The False Claims Act was not designed for use as a blunt instrument to enforce compliance with all regulations.")  Rather, under the FCA, evidence that an entity has violated conditions of participation after good faith entry into its agreement with the agency is for the agency – not a court – to evaluate and adjudicate.  *See, e.g., id.* at 700, 702; *U.S. ex rel. Conner v. Salina Reg'l Health Ctr., Inc.,* 543 F.3d 1211, 1220 (10th Cir.2008) (conditions of participation "are enforced through administrative mechanisms").

*Id.* at *13.  Similarly, as this Court recognized, Relator cannot allege that Guidance acted with scienter to defraud the VA here.  The Court's Order should not be reconsidered.

**B.    Relator's Assertion that the TAC Contains an Additional 85/15 Rule Claim Between Fall 2011 and Summer 2013 Is False and Breaches Relator's and His Counsel's Duty of Candor to the Court.**

Finally, Relator asserts that Count I of the TAC contains an 85/15 Rule claim from between Fall 2011 and Summer 2013 that the Court did not dismiss in the April 2015 Order.  Motion at 8-12.  He derives this argument from ten essentially identical paragraphs of the TAC that follow a flawed logical syllogism.  TAC ¶¶ 87, 99, 106, 115, 124, 131, 140, 149, 156, 165.  His reasoning is:  (1) because Guidance and YC allegedly knowingly misclassified students in the employee enrollment and scholarship programs as "non-supported," and (2) because YC certified to VA that no more than 85% of its helicopter students were "supported" under applicable regulations, then (3) Guidance "necessarily" knowingly diluted the "non-supported" student population of its submissions to VA with unspecified names of non-enrolled persons.  This theory is illogical, false, unsupported by evidence, and alleged in an utterly implausible and unspecified manner.  But more importantly, this assertion by Relator that the Court *sub silentio* approved an additional 85/15 Rule claim for the time period between Fall 2011 and Spring 2013 that was not expressly stated in the Complaint is simply false, and asserted to mislead the Court and expanding discovery into dismissed claims.

First, Relator's conclusion that some unspecified number of non-enrolled students were "necessarily" included YC's tally of "non-supported" students explicitly depends on the premise that students in the employee enrollment and scholarship programs were

improperly included in YC's 85/15 Rule calculation.  TAC ¶¶ 87, 99, 106, 115, 124, 131, 140, 149, 156, 165.  Even if Relator's argument about students "necessarily" included in a false claim followed logically, it no longer existed after the April 2015 Order dismissed all claims concerning the employee enrollment program and scholarship programs.  This is Relator's trick: if the Court granted reconsideration on this "claim," then it would tacitly resurrect Relator's dismissed claims with regard to the employee enrollment and scholarship programs.  Indeed, Relator's Motion is designed to nullify the April 2015 Order and force the parties to relitigate dispositive motions that are already decided.

Second, and relatedly, the iterations of Relator's theory in TAC Paragraphs 87, 99, 106, 115, and 124 pertain to claims prior to Fall 2011.  Thus, if Relator could pass this theory off as an independent claim here, he could also undo the Court's explicit dismissal of all claims prior to Fall 2011 in the April 2015 Order.

Relator's attempt to advance dismissed claims disguised as viable but hidden claims by misleading the Court is improper.  If the Court allows him to succeed, he will have tricked the Court into upending all of its orders and creating a large-scale procedural morass for the parties—which is undoubtedly his goal here.  Even if Relator's new theory had any merit (it does not), it was his duty to inform the Court that the September 2014 and April 2015 Orders omitted entire FCA claims against Guidance and YC – not wait for the opportunity to exploit an alleged judicial oversight.  This Court should not endorse this improper conduct by Plaintiff, especially since it expressly violates Local Rule 7.2(g).

## III.    CONCLUSION.

The Court should deny this Motion for reconsideration for all of the reasons stated above.  In addition – because Relator's Motion so clearly violates the Local Rules and is based, in part, upon Relator's intentional failure to disclose when he received the "newly discovered evidence" – the Court's Order should address Relator's improper conduct in filing this Motion more directly, in whatever manner the Court sees fit.

DATED this 10th day of July 2015.

SNELL & WILMER L.L.P.


By: */s/ Joshua Grabel*
    Joshua Grabel
    Dan W. Goldfine
    Thomas Clees
    One Arizona Center
    400 E. Van Buren, Suite 1900
    Phoenix, Arizona  85004-2202
    *Attorneys for Defendants Guidance*
    *Academy, LLC, Guidance Helicopters,*
    *Inc.; Guidance Management Group,*
    *LLC, John L. Stonecipher, and Amanda*
    *Stonecipher (Alsobrook)*

1

### CERTIFICATE OF SERVICE

2   __X__   I hereby certify that, on the 110th day of July 2015, I electronically transmitted the
attached document to the Clerk's Office using the CM/ECF System of filing and
3           transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

4           Richard J. Harris
            Harris & Assoc. P.C.
5           4204 Timbercreek Cir.
            Roswell, GA 30076

6
            Krista Carman
7           Warnock, MacKinley & Carman, PLLC
            246 S. Cortez Street
8           Prescott, AZ 86303

9           Georgia A. Staton
            Steven D. Leach
10          Jones, Skelton & Hochuli, P.L.C.
            2901 North Central Avenue, Suite 800
11          Phoenix, AZ 85012

12

13                          */s/ Veronnica Dolan*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

16