WO

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States ex rel. Daniel Hamilton, | No. CV-12-08193-PCT-PGR |
| Plaintiff, | **ORDER** |
| v. | |
| Yavapai Community College District, et al., | |
| Defendants. | |

The Court has before it the Motion to Dismiss Counterclaims under A.R.S. § 12-752(A) and Special Motion to Strike Counterclaims Under Cal. Civ. Proc. Code § 425.16 (Doc. 135); the Motion to Reconsider Ruling on Scienter and Ruling On Scope of Claims under Counts I and II (Doc. 145); the United States of America's Statement of Interest on Relator's Motion to Reconsider (Doc. 147); Motion to Exceed Page Limit on Reply on Motion to Dismiss/Strike Counterclaims (Doc. 159); Defendants Guidance Academy and Stonecipher' Motion to Strike the United States of America's Statement of Interest (Doc. 164); and Relator-Plaintiff's Motion for Judgment on the Pleadings Re: Affirmative Defense of Failure to Mitigate Damages Asserted by Yavapai Community College District (Doc. 167).[1]

A.     Motion to Dismiss Counterclaims under A.R.S. § 12-752(A) and Special Motion

---

[1] The Court finds that oral argument would not assist in resolving this matter and accordingly finds the pending motions suitable for decision without oral argument. *See* LRCiv 7.2(f); Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

<u>to Strike Counterclaims under Cal. Civ. Proc. Code § 425.16 (Doc. 135)</u>

Plaintiff-Relator Hamilton moves to dismiss the defamation counterclaim and the intentional interference with contractual relations counterclaim (which is based on the same alleged defamatory conduct) (collectively "Counterclaim") brought against him by defendants Guidance Academy and the Stoneciphers (collectively "Guidance").[2] Hamilton seeks dismissal of the Counterclaim under Arizona's Anti-SLAPP statute, and/or striking of the claim under California's Anti-SLAPP statute.

Guidance contends that Hamilton has waived any right to bring a motion to dismiss based on an Anti-SLAPP affirmative defense by failing to plead the defense in his answer.  (Doc. 144 at 4-5.)  Hamilton argues that he did raise the defense in his answer.  (Doc. 160 at 4-5.)

Hamilton's answer alleges that the counterclaims against him "are barred because they violate the public policy protecting FCA whistleblowers."  (Doc. 133, ¶ 33.)  This is sufficient to preserve the affirmative defense.  Further, even if the Court were to find that this was not sufficient, the Court would permit Hamilton to include this affirmative defense in subsequent pleadings as Guidance has not demonstrated that doing so would result in prejudice against it.  *See Simmons v. Navajo County*, 609 F.3d 1011, 1023 (9th Cir. 2010).

1.      <u>Arizona's Anti-SLAPP Statute</u>

Arizona's Anti-SLAPP statute provides:  "In any legal action that involves a party's exercise of the right of petition, the defending party may file a motion to dismiss the action under this section."  A.R.S. § 12-752(A).  The Court must grant the motion "unless the party against whom the motion is made shows that the moving party's exercise of the right of petition did not contain any reasonable factual support or any

---

[2] Guidance contends that Hamilton did not challenge in his motion Guidance's counterclaim for intentional interference with contractual relations (Doc. 144 at 2, n.1). The Court disagrees.  Hamilton's motion refers to the "Counterclaim" in which Guidance defendants "accuse Relator of defamation and interference with contract (also based on alleged defamation)." (Doc. 135 at 2.)  Thus, Hamilton defined "Counterclaim" in his motion as collectively including both the defamation counterclaim and the interference with contract counterclaim, and sought dismissal of this collective "Counterclaim."

arguable basis in law and that the moving party's acts caused actual compensable injury to the responding party."  A.R.S. § 12-752(B).

Guidance contends that the Anti-SLAPP statute is inapplicable because the statements allegedly made by Hamilton that are the subject of the Counterclaim did not involve Hamilton's "exercise of the right of petition."

The "exercise of the right of petition" is defined under Arizona law as

any written or oral statement that falls within the constitutional protection of free speech and that is made as part of an initiative, referendum or recall effort or that is all of the following:

(a) Made before or submitted to a legislative or executive body or any other governmental proceeding.

(b) Made in connection with an issue that is under consideration or review by a legislative or executive body or any other governmental proceeding.

(c) Made for the purpose of influencing a governmental action, decision or result.

A.R.S. § 12-751(1).  A "government proceeding" is defined under the statute as "any proceeding, other than a judicial proceeding, by an officer, official or body of this state and any political subdivision of this state . . . or by an officer, official or body of the federal government." A.R.S. § 12-751(2).

The Counterclaim alleges that Hamilton defamed Guidance when he "made false statements of fact about Guidance's compliance with VA regulations and alleged scheme to defraud the United States with regard to veteran educational benefits to (i) YC employees and contractors; (ii) members of the media; and (iii) the public at large." (Doc. 132 at 25, ¶ 18.)  These alleged defamatory statements were alleged to have been made as part of an initiative, referendum or recall effort, and were not made before or submitted to a legislative or executive body.  *See* A.R.S. § 12-751(1).  Further, there is no indication in the Counterclaim that the alleged defamatory statements were (a) made before or submitted to a governmental proceeding, and (b) made in connection with an issue under consideration or review by the governmental proceeding.  *Id.*  The alleged defamatory statements thus do not fall within the category of cases subject to dismissal

under Arizona's Anti-SLAPP statute.

Further, the Counterclaim does not allege that defamatory statements were made to an "officer," "official," or "body" of YC, the Veterans Administration, or the Department of Justice.  To the contrary, the Counterclaim alleges that the defamatory statements were made to YC employees or contractors, members of the community at large, and media outlets.  (*See* Doc. 132 at 24, ¶ 12; *id.* at 25, ¶ 18; *id.* at 26, ¶ 26.)  The publishing of defamatory statements to these individuals does not fall under the protection of Arizona's anti-SLAPP statute.

Hamilton cites extensively to his declaration, which he has submitted in support of his motion.  (*See* Doc. 135 at 3-12; Doc. 137.)  In general, if a district court considers evidence outside of the pleadings in ruling on a motion to dismiss on the pleadings, the motion will be treated as one for summary judgment.  *See* Fed. R. Civ. P. 12(d). Although there is a narrow exception under which a court can consider certain types of evidence without converting the motion into one for summary judgment (such as documents attached to the complaint or incorporated into the complaint by reference), *see United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003), Hamilton's declaration does not fall into this narrow exception.  The Court declines to consider this evidence and therefore does not convert the motion to dismiss into a motion for summary judgment.

2.    California's Anti-SLAPP Statute

As noted, the Counterclaim alleges that Hamilton told YC employees or contractors, members of the community at large, and media outlets that Guidance had defrauded the United States.  (Doc. 132 at 24, ¶ 12.)  As to media outlets, the Counterclaim specifically mentions the Daily Courier and Los Angeles Times.  (*Id.* at ¶ 11.)  However, there are no allegations in the Counterclaim indicating that the alleged defamatory statements were made anywhere but in Arizona.

Hamilton argues that his communications with the Los Angeles Times referenced in the Counterclaim "occurred outside of Arizona and within California" and that, therefore, the California Anti-SLAPP statute applies to, and mandates dismissal of, the Counterclaim.  (Doc. 135 at 12.)  In support of his assertion that the communications

- 4 -

occurred in California, Hamilton again relies on his declaration.  (*See* Doc. 135 at 12-15, 137.)  As noted above, the Court declines to consider Hamilton's declaration, which is neither attached to nor incorporated by reference into the pleadings.  The Court therefore does not convert the motion to dismiss into a motion for summary judgment.

In sum, based on the allegations contained in the Counterclaim, the Counterclaim is not subject to dismissal under either Arizona's anti-SLAPP statute, or California's anti-SLAPP statute.  The motion to dismiss and/or strike will accordingly be denied.

B.    Motion to Reconsider Ruling on Scienter and Ruling on Scope of Claims under Counts I and II (Doc. 145)

Hamilton seeks to have the Court reconsider its ruling on scienter, contained in its April 2, 2015, Order (Doc. 127), as well as the Court's statement regarding the scope of the claims remaining at issue under Counts I and II, in its Order dated June 3, 2015 (Doc. 140).  The Court will deny the motion.

1.    Claims arising prior to Summer 2011 term related to failure to comply with 85/15 Rule

"[A]ny motion for reconsideration shall be filed no later than fourteen (14) days after the date of the filing of the Order that is the subject of the motion."  LRCiv 7.2(g)(2).  On April 2, 2015, the Court entered its Order dismissing Count I and Count II "as to all claims arising prior to Summer 2011 term related to the failure to comply with the 85/15 Rule."  (Doc. 127 at 25, 26.)  A motion seeking reconsideration of the Court's ruling was required to be filed by April 16, 2015.  Hamilton filed his motion to reconsider on June 17, 2015, two months after the Court issued its Order.  The motion is therefore untimely.

Hamilton also seeks reconsideration based on "new evidence" that he asserts establishes that Defendants knew they were not compliant with the 85/15 Rule going into the Spring 2011 term.  (Doc. 145 at 7.)  A motion for reconsideration can be based on new evidence that could not have been brought to the Court's attention earlier.  LRCiv 7.2(g)(1).  The "new evidence" relied on by Hamilton is a series of emails from early January 2011, between John Morgan and JJ Johnson.  The declaration of Hamilton's

- 5 -

counsel in support of the motion for reconsideration states that this series of emails was "discovered" on June 16, 2015.  (Doc. 146 at 2.)  However, counsel does not explain when this information was disclosed to him by Defendants or explain why he was unable to discover this information sooner (other than discussing the amount of discovery that has been produced by YC).  (*Id.* at 1-2.)  The emails, which are attached to the declaration, are Bates stamped YC002354 and YC002362.  (Docs. 146-1, 146-2.) YC produced those documents in January 2014, and reproduced them in "native format" pursuant to Plaintiff's counsel's request in September 2014.  (*See* Doc. 162 at 2-3; Doc. 162-1 at 8, 24, 36.)  Thus, the evidence upon which Hamilton relies could have been brought to the Court's attention earlier and is insufficient to support a motion to reconsider.

> 2.  Claims related to enrollment from Fall 2011 through Spring 2013

The parties previously presented to the Court a discovery dispute regarding whether the Court had dismissed, in its April 2, 2015, Order, claims related to enrollment from Fall 2011 through Spring 2013.  The Court heard the parties' argument regarding this discovery dispute on June 1, 2015.  At that hearing, Yavapai's counsel specifically noted that the only claims in the Third Amended Complaint (TAC) for Fall 2011 through Spring 2013 related to the employee enrollment program and scholarship program, and Hamilton's counsel did not provide the Court with any citation to the TAC or argument to the contrary.  Further, the Court's review of the TAC confirms that the alleged violations of the 85/15 Rule for Fall 2011 through Spring 2013 relate to the employment enrollment program and scholarship program (Doc. 82 at 23-38.)  The Court will therefore deny reconsideration.

C.  The United States of America's Statement of Interest on Relator's Motion to Reconsider (Doc. 147); Defendants Guidance Academy and Stonecarbers' Motion to Strike the United States of America's Statement of Interest (Doc. 164)

The United States has filed a Statement of Interest on Relator's Motion to Reconsider.  In this statement, the Government takes no position regarding the sufficiency of Hamilton's Third Amended Complaint, nor does the statement specifically

challenge the Court's substantive rulings in its April 2, 2015, Order.  Instead, the Notice of Interest merely seeks a ruling from the Court that reckless disregard or deliberate indifference is sufficient to plead and prove scienter under the FCA.  Guidance Defendants seek to strike the Statement of Interest, arguing that it is a motion to reconsider the Court's April 2, 2015, Order.  The Court would agree with Guidance Defendants that if the Notice of Interest is intended to be a motion for reconsideration of the Court's April 2, 2015, Order, the motion is untimely.  However, the Court construes the Notice of Interest as a request for clarification and will grant the requested clarification and deny the motion to strike.

As stated in the April 2, 2015, Order, "knowing" or "knowledge" under the FCA can be shown not only through "actual knowledge of the falsity of a claim, but also through a showing of deliberate indifference or reckless disregard of whether the claim is false."  (Doc. 127 at 7 (citing *Hooper v. Lockheed Martin Corp.*, 688 F.3d 1017, 1050 (9th Cir. 2012)).)  In its analysis of the claims in Counts I and II arising prior to Summer 2011, the Court – perhaps in-artfully – used the terms "aware," and "knowingly and intentionally."  (Doc. 127 at 10.)  The Court's use of these terms was with the understanding that the terms encompass, and that the FCA only requires, "deliberate indifference" or "reckless disregard."

In sum, the Court clarifies that reckless disregard or deliberate indifference – not actual knowledge or intent to deceive – is sufficient to plead and prove scienter under the FCA.  The Court further clarifies that the Court applied that standard in dismissing in part claims contained in the Third Amended Complaint.

D.   <u>Relator-Plaintiff's Motion for Judgment on the Pleadings Re:   Affirmative Defense of Failure to Mitigate Damages Asserted by Yavapai Community College District (Doc. 167).</u>

Yavapai's answer alleges "Plaintiff has failed to mitigate damages."  (Doc. 92 at 44.)  Hamilton moves for judgment on the pleadings regarding this affirmative defense, contending that the defense is not sufficiently pled as it does not give him sufficient notice of the basis for the defense.

The Ninth Circuit has not yet decided whether the pleading standards of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) apply to affirmative defenses.   At least one District Judge in the District of Arizona has held that they do not.  *See Federal Trade Comm'n v. N. Am. Marketing & Assoc., LLC*, 2012 WL 5034967, at *1 (D. Ariz. 2012).  Other districts have also held that an allegation that a plaintiff has "failed to mitigate damages" is sufficient notice to the plaintiff of the affirmative defense.  *See, e.g., Minalga v. Fid. Invest. Institutional Operations Co.,* 2002 WL 31527251, at *2 (N.D. Ill. 2002) (allegation that plaintiff failed to mitigate damages sufficiently puts plaintiff on notice of defendant's affirmative defense); *cf. Birabent v. Hudiburg Auto Group, Inc.*, 2012 WL 1438921, at *2 (W.D. Okla. 2012) ("[T]his Court holds that affirmative defenses *other than the failure to mitigate damages* are subject to the pleading requirements of" Fed. R. Civ. P. 8 and *Twombly* (emphasis added)).

Hamilton contends that this "Court already had ruled that affirmative defenses had to satisfy at least the 'fair notice' pleading standard of *Wyshak* if not the 'plausibility' standard of *Twombly*."  (Doc. 167 at 7 (citing Doc. 74, n.5).)  Hamilton's contention misrepresents the Court's ruling. The Court stated:  "The Court finds it unnecessary to determine whether the heightened pleading standard set forth in [*Twombly*] applies to the pleading of affirmative defenses because, even if it does, the Morgan Answer meets that standard." (Doc. 74 at 24-25, n.5.)  Thus, the Court did not hold that affirmative defenses were *required* to comply with *Wyshak* or *Twombly*.

Finally, although Federal Rule of Civil Procedure 8(c) does require affirmative defenses to be included in responsive pleadings, "absent prejudice to the plaintiff, the district court has discretion to allow a defendant to plead an affirmative defense in a subsequent motion."  *See Simmons v. Navajo County*, 609 F.3d 1011, 1023 (9th Cir. 2010).  Similarly, this Court has discretion to review both a defendant's answer and any discovery responses provided by the defendant in determining whether the defendant has provided plaintiff with fair notice of the defense and therefore has sufficiently pled the defense.  Discovery on this issue has apparently not yet proceeded and the "Court is

hesitant to create a precedent whereby it is obligated to pick through a defendant's affirmative defenses at this stage of the litigation.  The parties control the discovery process, and [the Plaintiff], as a sophisticated party, should be able to hone in on those affirmative defenses of [the defendant] that may actually become relevant in a dispositive motion or at trial."  *E.E.O.C. v. Joe Ryan Enterps., Inc.*, 281 F.R.D. 660 (M.D. Ala. 2012).  The Court will, accordingly, deny the motion to dismiss this affirmative defense on the pleadings.

IT IS ORDERED that the Motion to Dismiss Counterclaims under A.R.S. § 12-752(A) and Special Motion to Strike Counterclaims Under Cal. Civ. Proc. Code § 425.16 (Doc. 135) is denied.

IT IS FURTHER ORDERED that the Motion to Reconsider Ruling on Scienter and Ruling On Scope of Claims under Counts I and II (Doc. 145) is denied.

IT IS FURTHER ORDERED that the United States of America's Statement of Interest on Relator's Motion to Reconsider (Doc. 147) is construed as a Motion for Clarification and, as such, is granted.  The Court clarifies that reckless disregard or deliberate indifference – not actual knowledge or intent to deceive – is sufficient to plead and prove scienter under the FCA.  The Court further clarifies that the Court applied that standard in dismissing in part claims contained in the Third Amended Complaint.

IT IS FURTHER ORDERED that Defendants Guidance Academy and Stoneciphers' Motion to Strike the United States of America's Statement of Interest (Doc. 164) is denied.

IT IS FURTHER ORDERED that the Motion to Exceed Page Limit on Reply (Doc. 159) is granted.  The Clerk of the Court is directed to file the Reply on Motion to Dismiss/Strike Counterclaim, lodged at Doc. 160.

/ / /

/ / /

1         IT IS FURTHER ORDERED that Relator-Plaintiff's Motion for Judgment on the

2    Pleadings Re:  Affirmative Defense of Failure to Mitigate Damages Asserted by Yavapai

3    Community College District (Doc. 167) is denied.

4         Dated this 27th day of October, 2015.

5

6

7

8    Paul G. Rosenblatt
9    United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28