WO

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Daniel Hamilton, | No. CV-12-08193-PCT-GMS |
| Plaintiff, | |
| v. | **ORDER** |
| Yavapai Community College District; Guidance Academy LLC; John L. Stonecipher; Amanda Alsobrook; John Morgan; April Morgan, | |
| Defendants. | |
| Guidance Academy LLC; Amanda Alsobrook; John L. Stonecipher, | |
| Counterclaimants, | |
| v. | |
| Daniel Hamilton, | |
| Counterdefendant. | |

Pending before the Court is Plaintiff-Relator/Counter-Defendant Daniel Hamilton's Motion for Judgment on the Pleadings and Alternative Motion to Stay the Proceedings. (Doc. 216.) For the following reasons, the Court denies both motions.

**BACKGROUND**

Counter-Defendant Hamilton is a former employee of the Counterclaimants' business partner, Yavapai College ("Yavapai"). (Doc. 132 at 23.) Hamilton served as Director of Aviation Programs from September 2011 until May 2012.

(*Id.*) Yavapai contracted with the Counterclaimants to provide pilot and helicopter training to flight students. (*Id.*) A portion of these students were funded through veteran education benefit funds administered through the Department of Veteran's Affairs ("VA"). (*Id.*)

In 2013, Hamilton filed a qui tam suit under the False Claims Act alleging that the Counterclaimants and Yavapai filed claims for veteran education benefits despite knowing that their programs violated VA funding regulations. (Doc. 8.) In their answer to these claims, Guidance and Stonecipher filed claims for defamation and for intentional interference with contractual relations against Hamilton. Specifically, the counterclaims allege that Hamilton developed a "personal vendetta" against the Counterclaimants because they "refused to support his proposal to incorporate religious ministry into YC's and Counterclaimants aviation instruction programs." (Doc. 132 at 23-24.)

This vendetta allegedly led Hamilton to tell members of the community and media outlets, including the Prescott Daily Courier and the Los Angeles Times, that "Counterclaimants had conspired to defraud and defrauded the United States by violating VA regulations regarding educational benefits." (Doc. 132 at 24.) In March of 2015, the VA suspended educational support for the veterans enrolled in the Counterclaimants' flight program. (Doc. 132 at 24.) This lack of funding left Yavapai unable to continue its contract with the Counterclaimants. (*Id.*)

## DISCUSSION

### I. Legal Standard

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) "is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Fajardo v. Cnty. of L.A.*, 179 F.3d 698, 699 (9th Cir. 1999). To survive a Rule 12(c) motion, a plaintiff must allege sufficient facts to state a claim to relief that is plausible on its face. *See, e.g.*, Fed. R. Civ. Pro. 8(a); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047,

1054 n.4 (9th Cir. 2011) (finding *Iqbal* applies to Rule 12(c) motions because Rule 12(b)(6) and Rule 12(c) motions are "functionally identical"). To satisfy the plausibility standard, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).

Contrary to Hamilton's assertions, the Counterclaimants are not required to satisfy the heightened pleading standard of Rule 9(b).[1] (Doc. 216 at 3-4.) Defamation is not listed in the causes of action outlined in Rule 9(b), and "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)." *Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002). Thus, the pleading requirement of Rule 8(a) applies to the counterclaims.

## II.    Analysis

### A.    The Motion for Judgment on the Pleadings is Denied.

To establish a prima facie case for defamation, a plaintiff must establish the existence of "(1) a false defamatory statement, (2) publication to a third party, and (3) negligence on the part of the publisher." *Boswell v. Phoenix Newspapers, Inc.,* 152 Ariz. 1, 3, 730 P.2d 178, 180 (Ct. App. 1985). Hamilton asserts that dismissal is appropriate due to Counterclaimants' failure to plead their defamation claim with sufficient detail to make it plausible and their perceived failure to predict and preempt Hamilton's affirmative defenses. These arguments are rejected for the reasons set forth below.[2]

---

[1] Judge Rosenblatt's Order stated that because the Counter-Defendant's claims "sound[ed] in fraud," those specific claims had to satisfy the heightened pleading standards of Rule 9(b). (Doc. 127 at 31.) The order does not mean that all tort claims in this case must be pled with Rule 9(b) particularity.

[2] Hamilton makes no independent argument as to why the cause of action for intentional interference with contractual relations should be dismissed, and thus the motion to dismiss the intentional interference with contractual relations is also denied. (Doc. 216 at 13.)

### 1. The Complaint Sufficiently Alleges the Content as well as the Third Party Recipients of the Defamatory Statement.

"A complaint need not contain detailed factual allegations; rather, it must plead 'enough facts to state a claim to relief that is plausible on its face.' " *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 547 (2007)). The content and context of the alleged statement is crucial to the determination of a defamation case. *Phoenix Newspapers, Inc. v. Church*, 103 Ariz. 582, 587, 447 P.2d 840, 845 (1968). Therefore, a plaintiff's complaint in a defamation case needs to provide sufficient content and context of the alleged defamatory statement to ensure that the defendant is on notice of the allegations against him.

Counterclaimant's defamation claim alleges that Hamilton told YC employees, members of the community and media outlets, specifically the Prescott Daily Courier and Los Angeles Times, that "Counterclaimants had conspired to defraud and defrauded the United States by violating VA Regulations regarding educational benefits for its veteran students." (Doc. 132 at 24.) The Counterclaimant further alleges that these statements were false, and that Hamilton knew that they were false. (Doc. 132 at 24.) This provides sufficient information to put the defendant on notice of the allegations against him and establish a defamation claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 547 (2007).

### 2. The Plaintiffs Adequately Allege Actual Malice in the Complaint.

If a defamation action involves a matter of public concern, a plaintiff must establish the presence of actual malice. *Peagler v. Phoenix Newspapers, Inc.*, 114 Ariz. 309, 312, 560 P.2d 1216, 1219 (1977). Actual malice does not refer to the defendant's state of mind; rather, it is established by demonstrating that a defendant made the defamatory statement "with knowledge of its falsity or in reckless disregard of whether it was true." *Id.*

" 'Whether . . . speech addresses a matter of public concern must be determined by [the expression's] content, form, and context . . . as revealed by the whole record.' "

- 4 -

*Turner*, 174 Ariz. at 205 (quoting *Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc.,* 472 U.S. 749, 761 (1985) (plurality opinion)). Thus, the public concern analysis is a fact intensive analysis that should not be undertaken at this stage of the proceedings. *Id.*

However, even if the defamatory statements do involve a matter of public concern, the plaintiffs adequately pled actual malice in the complaint. The complaint states that the Counter-defendant "continued to knowingly and falsely state . . . that Counterclaimants had defrauded the United States" even after "this Court dismissed all claims against the Counterclaimants for the first time on September 9, 2014." (Doc. 132 at 24.) Taking this allegation as true, it is plausible that the Counter-defendant made these statements with reckless disregard for their truth.

### 3.     Privilege is an Affirmative Defense.

Privilege is an affirmative defense to a defamation action. The burden is not on the Counterclaimants to allege that privilege does or does not apply. Thus their failure to do so does not result in a meritorious motion to dismiss.   Rather, Hamilton may raise privilege during the proceedings if he preserved this defense in his answer. *See Green Acres Trust v. London*, 141 Ariz. 609, 612, 688 P.2d 617, 620 (1984).

### 4.     The Defamation Allegation Falls within the Business Category, and Thus it is Per Se Actionable.

Oral defamation is per se actionable "without a need to plead or prove special damages" if the utterance falls into the business category. *Modla v. Parker*, 17 Ariz. App. 54, 56, 495 P.2d 494, 496 (1972). To fall into the business category, "the slanderous utterance must prejudice the person in the profession, trade or business in which he is actually engaged." *Id.* The Counterclaimants allege that Hamilton told individuals that they "purposefully defrauded the United States" during their business ventures. (Doc. 132 at 24.)   Thus, the defamatory statement fits within the business category, and the statement is per se actionable.

At this stage in the proceedings, the Court will take the "material allegations in the complaint as true," and it will not consider extrinsic evidence. *NL Indus., Inc. v. Kaplan,*

792 F.2d 896, 898 (9th Cir. 1986). Thus, while the VA Suspension Letter may be relevant to the issue of damages, it is insufficient to grant the motion to dismiss.

### 5. Statute of Limitations is an Affirmative Defense.

Statute of limitations is an affirmative defense to defamation. *Lim v. Superior Court In & For Pima Cty.*, 126 Ariz. 481, 482, 616 P.2d 941, 942 (Ct. App. 1980). Therefore, the Counterclaimants had no affirmative duty to plead compliance with the statute of limitations in their counterclaim.

### B. The Motion to Stay is Denied.

The Federal Claims Act does not bar a qui tam defendant from raising counterclaims against the relator. Rather, "denying a qui tam defendant recourse to damages offends procedural due process." *U.S. ex rel. Madden v. Gen. Dynamics Corp.*, 4 F.3d 827, 831 (9th Cir. 1993). In some instances, "it is possible to resolve the issue of a qui tam defendant's liability before reaching the qui tam defendant's counterclaims," and courts may stay the counterclaim proceedings until the counterclaimant's liability is established. *Id.* It is "incumbent on the district court to separate those claims for damages which 'only have the effect of offsetting liability' from those that are not dependent on a qui tam defendant's liability under the FCA." *Cell Therapeutics, Inc. v. Lash Grp., Inc.*, 586 F.3d 1204, 1209 (9th Cir. 2009) (quoting *Madden,* 4 F.3d at 831).

At this point, there is no reason to stay the proceedings in this case, and thus Hamilton's motion is denied. This Court may consider bifurcating trial to take up the counterclaims if Plaintiff does not succeed on his Quit Tam claims, but sees no reason at this point why pretrial discovery and motion practice concerning the counterclaims should be stayed.

### CONCLUSION

The Counterclaimants allege sufficient facts to state a claim for defamation and intentional interference with contractual relations. Thus, the Motion for Judgment on the Pleadings is denied. The Court also denies the alternative Motion to Stay the Proceedings.

1

**IT IS THEREFORE ORDERED:**

2
      1.      The Motion for Judgment on the Pleadings (Doc. 216) is **DENIED**.

3
      2.      The Alternative Motion to Stay the Counterclaims Proceedings (Doc. 216)

4
is **DENIED**.

5
      Dated this 7th day of October, 2016.

6

7
_____

8
Honorable G. Murray Snow
United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28