**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Hamilton, | No. CV-12-08193-PCT-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Yavapai Community College District, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's Motion for Rule 11 Sanctions (Doc. 627). For the following reasons, the Court will deny the Motion.

**BACKGROUND**

On April 23, Defendant Yavapai Community College filed a Motion for Reconsideration of this Court's Order on the parties' motions for summary judgment. (Doc. 622). In that motion, Defendant stated that the Court denied summary judgment on Plaintiff's intentional interference claim as it relates to "classroom training at Yavapai" in error, because Judge Rosenblatt had previously dismissed this claim in 2015 for a failure to state a claim. (Doc. 622 at 1). The Court then directed Plaintiff to file a response. (Doc. 623). Plaintiff pointed out that Judge Rosenblatt specifically allowed the intentional interference claim as to interference with his *training* to go forward, but not as to interference with his VA benefits. (Doc. 625 at 4). The Court agreed and on May 2, denied

Defendant's Motion for Reconsideration. (Doc. 626).

On April 27, before this Court ruled on the underlying motion for reconsideration, Plaintiff served a Rule 11 Motion for sanctions on Defendant. (Doc. 627). Then, on May 22, after this Court had ruled on the underlying Motion for Reconsideration, Plaintiffs filed their Motion for Sanctions under Rule 11 with the Court. (*Id*.).

**DISCUSSION**

**I.     Scope of Rule 11 Sanctions**

In relevant part, Rule 11 requires that "[t]he motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. Pro. 11(c)(2).

As explained in the commentary for Rule 11, "[t]he revision leaves for resolution on a case-by-case basis, considering the particular circumstances involved, the question as to when a motion for violation of Rule 11 should be served and when, if filed, it should be decided." Advisory Committee's Commentary to 1993 Amendments to Rule 11, Subdivisions (b) and (c). But the commentary notes that Rule 11 is limited, in that "a party cannot delay serving its Rule 11 motion until after . . . judicial rejection of the offending contention." *Id*. Neither the text of the Rule nor the commentary on the revision resolve the question at issue, which is whether a Court can impose Rule 11 sanctions if the Court resolved the underlying motion before the Rule 11 motion was *filed*, but after the Rule 11 Motion was *served* on the offending party.

The purpose of the service requirement in Rule 11 is to "to provide a . . . 'safe harbor' against motions under Rule 11 in that a party will not be subject to sanctions on the basis of another party's motion unless, after receiving the motion, it refuses to withdraw that position . . ." Advisory Committee's Commentary to 1993 Amendments to Rule 11, Subdivisions (b) and (c).

The Ninth Circuit has consistently found that a party may not *serve* a Rule 11 motion for sanctions on an opposing party after the Court resolved the offending motion or claim.

*See Islamic Shura Council of Southern California v. FBI*, 757 F.3d 870, 873 (9th Cir. 2014); *Barbra v. Miller*, 146 F.3d 707, 710 (9th Cir. 1998). And the Second, Fourth, and Eleventh Circuits have held that a court may not issue sanctions unless the motion is *filed* before the Court has resolved the underlying claim. *See In re Walker*, 532 F.3d 1304, 1309 (11th Cir. 2008); *Brickwood Contractors, Inc. v. Datanet Eng'g Inc.*, 369 F.3d 35, 389-90 (4th Cir. 2004) (en banc); *In re Pennie & Edmonds LLP*, 323 F.3d 86, 89, n. 1-2 (2d Cir. 2003).

Because "any other interpretation would defeat the rule's explicit requirements," *In re Walker*, 532 F.3d at 1308, the Court finds that Rule 11 does not allow for sanctions in this context, where a court has resolved the underlying motion before a party has had the benefit of the full 21-day safe harbor. "Any argument to the contrary renders the safe harbor provision a mere formality." *Id*.

Even, however, if this Court is wrong about the law and Plaintiff has maintained the right to seek sanctions, the Court would not grant sanctions on the facts of this particular motion. While sanctions can be an appropriate measure to rein in counsel when they engage in overly aggressive litigation tactics, they can also be an instrument by which counsel seek to vex each other. This Court is of the view that this particular motion partakes more of the latter than it does of the former. Therefore, the motion is denied.

## CONCLUSION

Because Rule 11 does not allow for sanctions in this context, and even if it did the Court would not grant them, Plaintiff's Motion for Sanctions is denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Sanctions (Doc. 627) is **DENIED**.

Dated this 20th day of December, 2018.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge