WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Hamilton,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Yavapai Community College District, et al.,<br><br>　　　　　　Defendants. | No. CV-12-08193-PCT-GMS<br>**LEAD CASE**<br><br>No. CV-15-08095-PCT-GMS<br>(CONSOL. FOR TRIAL)<br><br>**ORDER** |
| Guidance Academy LLC, et al.,<br><br>　　　　　　Counterclaimants,<br><br>v.<br><br>Daniel Hamilton,<br><br>　　　　　　Counterdefendant. | |
| Daniel Hamilton,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Yavapai Community College District, et al.,<br><br>　　　　　　Defendants.<br><br>and<br><br>United States of America,<br><br>　　　　　　Movant. | |

Before the Court is the United States of America's Motion to Quash Rule 45 Subpoena Issued by Defendants North-Aire Aviation, LLC and Justin and Angela Scott

("NA Defendants") to Former Assistant United States Attorney Lon Leavitt. (Doc. 775.) For the following reasons, the motion is granted.

## DISCUSSION

### I. Legal Standard

Under Rule 45(d)(2)(B)(i) of the Federal Rules of Civil Procedure, a party seeking enforcement of a subpoena may bring a motion in "the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i). Rule 45 also states that a court must quash a subpoena, upon timely motion, if it "requires disclosure of privileged or other protected matter" or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv). Motions to quash are evaluated in the context of Rule 26, which states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

### II. Standing

"[A] party lacks standing under Fed. R. Civ. Pro. 45(c)(3) to challenge a subpoena issued to a non-party unless the party claims a personal right or privilege with respect to the documents requested in the subpoena." *G.K. Las Vegas Ltd. P'ship v. Simon Prop. Grp., Inc.*, No. 2:04-cv-1199-DAE-GWF, 2007 WL 119148, at *4 (D. Nev. Jan. 9, 2007). Although the United States is not a party, many district courts in the Ninth Circuit have held that non-parties with a "personal right or privilege" in the information sought by the subpoena have standing. *See Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 274 (C.D. Cal. 2010) (holding that a personal right to the profile or inbox of a social media profile conferred standing on a non-party to move to quash a subpoena seeking such information); *Sines v. Kessler*, No. 18-MC-80080-JCS, 2018 WL 3730434, at *9 (N.D. Cal. Aug. 6, 2018); *Chevron Corp. v. Donziger*, No. 12-mc-80237 CRB, 2013 WL

4536808, at *5 (N.D. Cal. Aug. 22, 2013) (holding that "[o]wnership of the email addresses gives the [non-party] Doe movants a personal stake in the outcome of this dispute, and therefore standing to quash the subpoenas").

Although it is a non-party, the United States has a stake in the outcome of the instant litigation. AUSA Leavitt worked on behalf of the United States when making the statements the NA Defendants hope to call him to discuss. It therefore has standing to move to quash the NA Defendants' subpoena.

### III. Timeliness

Although Rule 45 lists specific harms which justify a motion to quash, Courts also grant motions to quash where a request conflicts with the parties' discovery obligations. Subpoenas may not be issued to circumvent or undermine discovery deadlines. *See* § 2108 Compelling Production of Documents and Things, 8A Fed. Prac. & Proc. Civ. § 2108 (3d ed.) ("subpoenas are not available to circumvent discovery cutoffs"); *see also Whole Woman's Health v. Paxton*, No. MC 17-00303 JMS-KSC, 2017 WL 4855392, at *1 & n.1 (D. Haw. Oct. 26, 2017) (finding that the expired discovery deadlines in the underlying action provided a basis to quash a subpoena of an unnamed witness); *Thornton v. Crazy Horse, Inc.*, No. 3:06-CV-00251-TMB, 2012 WL 13032922, at *2 (D. Alaska Jan. 3, 2012) ( "It is axiomatic, however, that a trial subpoena may not be used to circumvent a discovery deadline.").

Here, the NA Defendants failed to timely disclose AUSA Leavitt as a witness. The discovery deadlines prior to consolidation were November 18, 2016 and June 9, 2017. (Doc. 275); *Hamilton v. Yavapai Cmty. Coll. Dist.*, 3:15-cv-08095-GMS (D. Ariz. March 14, 2017) (Doc. 106). The NA Defendants disclosed AUSA Leavitt as a potential witness on September 6, 2017. (Doc. 755-2 at 4.)

The NA Defendants assert this timeline is "fundamentally untrue" because it ignores "the circumstances and the production of emails that Mr. Leavitt authored and received." (Doc. 786 at 11.) That the United States was conducting an investigation, and that Mr. Leavitt was involved in that investigation, however, has long been known to the NA

Defendants. In fact, in February 2018, the Court declined to reopen discovery on the subject, explaining:

> Defendants have completely failed to establish that they could not have discovered the contents of any relevant documents through the exercise of reasonable diligence prior to the close of discovery. Had they exercised diligence they would have been aware of the contents or the implications of the documents that they now claim justify additional discovery well within the discovery period. Defendants were well aware of the government's involvement in this case prior to the close of discovery. Further, the Guidance Defendants had the precursor privilege logs with the government and the relators' explanation of it for eight months prior to the close of discovery in their case.

(Doc. 596 at 4.) AUSA Leavitt is identified several times in these same documents. (Doc. 588 at 4.) Although the parties are now in a different procedural posture, the limits on their discovery remain. The NA Defendants may not circumvent their failures by subpoenaing an undisclosed witness for trial.

## CONCLUSION

For the reasons set forth above, the United States' Motion to Quash is granted.

**IT IS THEREFORE ORDERED** that the United States of America's Motion to Quash Rule 45 Subpoena Issued by Defendants North-Aire Aviation, LLC and Justin and Angela Scott to Former Assistant United States Attorney Lon Leavitt. (Doc. 775) is **GRANTED.**

**IT IS FURTHER ORDERED** that, good cause appearing, Plaintiff-Relator Dan Hamilton's Motion to File Under Seal Doc. 775-1, (Doc. 793) is **GRANTED.** The Clerk of the Court is directed to file under seal Doc. 775-1 from the public record and file under seal lodged Doc. 794.

Dated this 6th day of April, 2021.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge