**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Hamilton,<br><br>    Plaintiff,<br><br>v.<br><br>Yavapai Community College District, et al.,<br><br>    Defendants. | No. CV-12-08193-PCT-GMS<br>**LEAD CASE**<br><br>No. CV-15-08095-PCT-GMS<br>(CONSOL. FOR TRIAL)<br><br>**ORDER** |
| Guidance Academy LLC, et al.,<br><br>    Counterclaimants,<br><br>v.<br><br>Daniel Hamilton,<br><br>    Counterdefendant. | |
| Daniel Hamilton,<br><br>    Plaintiff,<br><br>v.<br><br>Yavapai Community College District, et al.,<br><br>    Defendants.<br><br>and<br><br>United States of America,<br><br>    Movant. | |

Pending before the Court is the United States' Notice Requesting VTC Capability for the Appearance of Witness Terry Jarrell (Doc. 816), and The Guidance Defendants' Motion for Additional Time to Present Their Case at Trial. (Doc. 817.)

The request for VTC Capability (Doc. 816) is granted. The Court will have available VTC capability for the appearance of Witness Terry Jarrell available from 8:30 am to 12:00 pm on June 17, 2021. No VTC capacity is assured for any other time for witness Jarrell and no other VTC capability shall be provided since none has been timely requested.

The Guidance Defendants' Motion for Additional Time (Doc. 817) is granted in part and denied in part without prejudice. The Court will increase the time for Defendants to present their case from 21 to 25 hours and it will remove the individual allocations of time for the Defendants/Counterclaimants. The Court has always welcomed the Defendants to allocate their time among themselves as they best see fit.[1] It will now require that they do so and present the Court with their allocations by Friday June 4, 2021.

The Guidance Defendants waited for over a year and a half after the Court had made these allocations, (and repeated them when trial was first re-set a year ago in April 2020), (Doc. 764) to bring this motion. (Only Plaintiff sought more time when the Court first announced its allocations in September 2019.) Guidance further waited to bring its motion until many months after the Court had found the required number of days previously agreed to by the parties and re-set trial in June of this year. Due to the back-up of trial requests and the extremely limited ability to hold jury trials in light of necessary COVID restrictions, the available courthouse trial calendar has been completely filled around these dates. There is thus little that the Court can do about Guidance's untimely request, even if it were so inclined. Nevertheless, the Court had built a very small amount of "fudge time" into the trial in case the parties had used their allotted time well and legitimately needed more time. That time has now been more than allocated as a result of this order.

---

[1] Guidance did not indicate that it has requested or received a reallocation of its trial time from its Co-Defendants which this Court's orders explicitly authorized it to do.

To provide additional time, the Court suggests that all parties clear their calendars for June 11 as well as June 25 in addition to the trial days already scheduled. As the Court has before indicated, it will not be available for much of the morning of Tuesday June 15. (Although it remains unlikely, the Court may further be able to disengage itself from its pre-existing schedule for June 18, and so the parties are directed to keep that date open as well). The Court will revise the availability questionnaire to inquire as to the jurors' availability on those dates. The Court does not say that it will expand the time it has given above, nor does it indicated that it will provide time to any additional party. The limits herein provided shall remain in place. But, holding those additional dates will give the Court, the parties, and the jurors the option of expanding time, if any particular party effectively uses their time and has a legitimate need for more. Further, the Court will at least consider beginning trial at 8:30 AM having one morning break for fifteen minutes, an hour lunch break, and an afternoon break for fifteen minutes, with Court ending at 5:00 PM. If parties do not promptly return from break, the wasted time will be allocated against them. This may allow for more testimony each day of trial. The Court also expects to conduct an efficient voir dire process aided by pre-trial questionnaires to increase actual trial time.

At the Final Pretrial Conference more than a year and a half ago when it first set the limits, the Court took into account that the principal claim that remained after summary judgment was that Yavapai conspired with its Co-Defendants Guidance to circumvent the VA's 85/15 rule by enrolling JTED students in their helicopter pilot training courses so as to qualify for VA funding. Plaintiff claimed that Yavapai had done the same thing with the North-Aire defendants for fixed wing flight training, and that Yavapai and North-Aire also counted part-time students in that 85/15 certification.[2] These 85/15 claims constitute the great bulk of the damages sought by Plaintiff against all Defendants. To be sure, Plaintiff also asserts state law claims against Guidance and Stonecipher for intentional

---

[2] Plaintiffs also assert the simple and quite modest monetary claim that the Guidance Defendants also claimed reimbursement for in-flight helicopter training that never occurred.

interference with his employment contract with Yavapai, claims against Yavapai for the deprivation of his liberty interests as a result of his termination, and claims against Yavapai and Morgan for interference with his fixed-wing training from Yavapai and North-Aire. Guidance and Stonecipher also assert counterclaims against Hamilton for defamation arising from the claims made in this lawsuit.  All of these claims, however, are to a greater or lesser degree outgrowths of the underlying alleged false claims.

The most prevalent claims present the same issue among Defendants with many similarities in the facts underlying each claim.  The parties have also agreed to call only one time the eleven witnesses they jointly listed.  The Court further expects the Defendants to coordinate together to avoid repetitive presentation of evidence and questioning regarding these claims.  Plaintiff, too, with what the Court considers to be sufficient time, will have to pare down any repetitive and duplicative testimony.  46 hours is a lot of time to try a case.

**IT IS THEREFORE ORDERED** that the United States' Request for VTC Capability for the Appearance of Witness Terry Jarrell is **GRANTED.** Witness Terry Jarrell may appear via VTC between 8:30 am to 12:00 pm on June 17, 2021.

**IT IS FURTHER ORDERED** that the Guidance Defendants' Motion for Additional Time to Present Their Case at Trial (Doc 817) is **GRANTED** in part and **DENIED** in part without prejudice. Defendants are allocated 25 hours to present their case, and the Court removes the individual allocations of time for the Defendants/Counterclaimants. The Defendants must allocate the time between themselves and present their allocations to the Court by **Friday, June 4, 2021**.

Dated this 19th day of April, 2021.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge