**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Hamilton,<br><br>    Plaintiff,<br><br>v.<br><br>Yavapai Community College District, et al.,<br><br>    Defendants. | No. CV-12-08193-PCT-GMS<br>**LEAD CASE**<br><br>No. CV-15-08095-PCT-GMS<br>(CONSOL. FOR TRIAL)<br><br>**ORDER** |
| Guidance Academy LLC, et al.,<br><br>    Counterclaimants,<br><br>v.<br><br>Daniel Hamilton,<br><br>    Counterdefendant. | |
| Daniel Hamilton,<br><br>    Plaintiff,<br><br>v.<br><br>Yavapai Community College District, et al.,<br><br>    Defendants.<br><br>and<br><br>United States of America,<br><br>    Movant. | |

Before the Court is Defendants North-Aire Aviation, LLC and Justin and Angela Scott's ("NA Defendants") Motion for Reconsideration of the Court's Ruling [Doc. 813] on the United States of America's Motion to Quash Subpoena to Lon Leavitt [Doc. 775]. (Doc. 818.) For the following reasons, the NA Defendants' Motion is granted, and the United States' Motion to Quash is denied.

As explained in the NA Defendants' Motion for Reconsideration, the Court overlooked the timely disclosure of Lon Leavitt as a witness. The Court therefore considers the substance of the United States' motion asserting privilege concerning Mr. Leavitt's testimony. Although the Government moves to strike the NA Defendants' supplement informing the Court that Mr. Leavitt was timely disclosed, the Court considers the information, and grants the NA Defendants' request for leave to file the document, in order to fully consider the record.

The NA Defendants subpoenaed Mr. Leavitt to testify as to his knowledge concerning his job responsibilities; his role in a qui tam action; the type of information that Plaintiff was required to produce to him in the subject litigation; the purpose for the production of that information; the content of several emails identified as trial exhibits; and the content of the United States' privilege log. The United States asserts that the subpoena seeks privileged information that falls outside its agreement with the NA Defendants to produce documents related to its privilege log, and that the parties' stipulation was not a waiver of all information related to the log, but only the emails that were the subject of the agreement. Although this matter may involve delicate issues of privilege, the Court cannot make a categorical determination that all the questions the NA Defendants seek to ask would elicit privileged information. The United States may make specific objections regarding privilege in a motion in limine or at trial.

**IT IS THEREFORE ORDERED** that the NA Defendants' Motion for Reconsideration of the Court's Ruling, (Doc. 818), is **GRANTED.**

**IT IS FURTHER ORDERED** that the United States' Motion to Quash (Doc. 775) is **DENIED.**

**IT IS FURTHER ORDERED** that the United States' Motion to Strike Defendants North-Aire Aviation, LLC and Justin and Angela Scott's Supplement to their Response to the United State's Motion to Quash (Doc. 795) is **DENIED.**

**IT IS FURTHER ORDERED** that the NA Defendants' Motion for Leave for the Court to Consider [Doc. 792] (Doc. 798) is **GRANTED.**

Dated this 22nd day of April, 2021.

_____
G. Murray Snow
Chief United States District Judge