WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Hamilton,<br><br>    Plaintiff,<br><br>v.<br><br>Yavapai Community College District, et al.,<br><br>    Defendants. | No. CV-12-08193-PCT-GMS<br>**LEAD CASE**<br><br>No. CV-15-08095-PCT-GMS<br>(CONSOL. FOR TRIAL)<br><br>**ORDER** |
| Guidance Academy LLC, et al.,<br><br>    Counterclaimants,<br><br>v.<br><br>Daniel Hamilton,<br><br>    Counterdefendant. | |
| Daniel Hamilton,<br><br>    Plaintiff,<br><br>v.<br><br>Yavapai Community College District, et al.,<br><br>    Defendants.<br><br>and<br><br>United States of America,<br><br>    Movant. | |

Pending before the Court is Plaintiff's Renewed Motion for Judgment as a Matter of Law on Summer Violations. (Doc. 947.) For the following reasons, the Motion is denied.

## BACKGROUND

The facts of this matter are set forth in this Court's prior orders and are well-known to the parties. Plaintiff-Relator Daniel Hamilton ("Plaintiff") alleges that the Defendants engaged in a fraudulent scheme to obtain funding from the United States Department of Veterans Affairs ("VA"). His claims essentially assert Defendants defrauded the VA by obtaining funding in violation of 38 C.F.R. § 21.4201, otherwise known as Regulation 4201 or the 85/15 Rule. The Court held a jury trial in this matter from June 8, 2021 to June 26, 2021. The jury found in favor of all Defendants on all counts. Plaintiff now alleges that no reasonable jury could, on the evidence presented, have found for Defendants on the counts regarding violation of the 85/15 Rule in the 2013 and 2014 summer terms.

## DISCUSSION

### I. Legal Standard

Rule 50(a) of the Federal Rules of Civil Procedure provides that "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may . . . resolve the issue against the party." Here, where the Court did not grant the Rule 50(a) motion, Rule 50(b) allows the moving party to "renew" their motion no later than 28 days after discharge of the jury.

The standard governing interpretation of the term "legally sufficient evidentiary basis" is analogous to a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000) ("[T]he standard for granting summary judgment mirrors the standard for judgment as a matter of law, such that the inquiry under each is the same."). The moving party must therefore show an absence of a dispute of material fact and that they are entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250–51 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A review of the entire record is required—evaluating only the evidence supporting the verdict

will not do. *Reeves*, 530 U.S. at 150. But in so doing, "the court must draw all reasonable inferences in favor of the nonmoving party." *Id.*

The question, then, is whether there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Fisher v. City of San Jose*, 558 F.3d 1069, 1074 (9th Cir. 2009) (en banc) (internal quotation omitted). The standard is "extraordinarily deferential" and "is limited to whether there was *any* evidence to support the jury's verdict." *E.E.O.C. v. Go Daddy Software, Inc.*, 581 F.3d 951, 961–62 (9th Cir. 2009) (alteration in original). The watchword is "manifest miscarriage of justice." *Janes v. Wal-Mart Stores, Inc.*, 279 F.3d 883, 888 (9th Cir. 2002).

**II.     Analysis**

The False Claims Act imposes civil liability on "any person who . . . knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval." 31 U.S.C. § 3729(a)(1). The elements of False Claims Act Liability are: "(1) a false statement or fraudulent course of conduct, (2) made with scienter, (3) that was material, causing (4) the government to pay out money or forfeit moneys due." *U.S. ex rel. Hendow v. Univ. of Phoenix*, 461 F.3d 1166, 1174 (9th Cir. 2006). Here, as it is dispositive to Plaintiff's motion, the Court addresses only materiality.

"[A] misrepresentation about compliance with a statutory, regulatory, or contractual requirement must be material to the Government's payment decision in order to be actionable under the False Claims Act." *Universal Health Servs., Inc. v. U.S. ex rel Escobar*, 136 S. Ct. 1989, 2002 (2016). "[T]he term 'material' means having a natural tendency to influence, or be capable of influencing payment or receipt of money or property." 31 U.S.C. § 3729(b)(4). This is a "demanding" standard; "[a] misrepresentation cannot be deemed material merely because the Government designates compliance with a particular statutory, regulatory, or contractual requirement as a condition of payment." *Escobar*, 136 S. Ct. at 2003. "Nor is it sufficient for a finding of materiality that the Government would have the option to decline to pay if it knew of the defendant's noncompliance." *Id.* Further, materiality "cannot be found where noncompliance is minor

or insubstantial." *Id.* Rather, the Court in *Escobar* explained:

> [P]roof of materiality can include, but is not necessarily limited to, evidence that the defendant knows that the Government consistently refuses to pay claims in the mine run of cases based on noncompliance with the particular statutory, regulatory, or contractual requirement. Conversely, if the Government pays a particular claim in full despite its actual knowledge that certain requirements were violated, that is very strong evidence that those requirements are not material. Or, if the Government regularly pays a particular type of claim in full despite actual knowledge that certain requirements were violated, and has signaled no change in position, that is strong evidence that the requirements are not material.

*Id.* at 2003–04.

Here, although Plaintiff alleges his summer claims are supported by the evidence presented at trial, he provides the Court with no record citations to test his assertion. The Court does not have a duty to construct Plaintiff's motion by combing through the trial record. Regardless, although the Court can identify evidence that supports Plaintiff's position, it can also identify evidence that supports Defendants' position that the alleged 85/15 Rule violations were not material to the government's decision to pay the claim. There was evidence at trial, for example, that by 2012 the VA was aware through the Relator's complaints that Yavapai College was alleged to be out of compliance with the 85/15 Rule. *See* (Docs. 957-9, 957-10 at 4–5). Further, Yavapai College's program was suspended in 2011 for failing to comply with the 85/15 Rule, demonstrating the government was aware of at least some past violations. *See* (Doc. 933 at 15.) Nonetheless, program audits, including one covering Summer 2014, continued to verify Yavapai College was in compliance. (Doc. 957-16 at 2); *see* (Docs. 957-13, 957-14, 957-15). Thus, even if there was no direct evidence that an actor with authority to suspend VA payments was notified of these violations, a reasonable jury could have found that Plaintiff failed to prove materiality where government actors were aware that Yavapai College was out of compliance and the government continued approve payment for the summer terms.

Plaintiff's conclusion that the 85/15 Rule is material as a general matter undermines the fact-specific nature of the inquiry. The Supreme Court has already specified that "the

- 4 -

Government's decision to expressly identify a provision as a condition of payment is relevant, but not automatically dispositive." *Escobar*, 136 S. Ct. at 2003. The fact that the 85/15 Rule explicitly states that the VA shall not approve students for payment in courses that exceed the 85/15 ratio is thus not dispositive to the materiality of an alleged violation. 38 C.F.R. § 21.4201(a). Where there was evidence that the Government was aware of past noncompliance and continued to certify Yavapai College for payment, a reasonable jury could have concluded that compliance with the 85/15 ratio in the summer terms was not material to the VA's decision to pay Yavapai College's claims.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Renewed Motion for Judgment as a Matter of Law on Summer Violations, (Doc. 947), is **DENIED.**

**IT IS FURTHER ORDERED** that, good cause appearing, Plaintiff's Motion to Seal Trial Exhibits 116 and 117, (Doc. 948), is **GRANTED.** The Clerk of Court is directed to file under seal lodged Doc. 950.

Dated this 19th day of August, 2021.

_____
G. Murray Snow
Chief United States District Judge