**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Hamilton,<br><br>            Plaintiff,<br><br>v.<br><br>Yavapai Community College District, et al.,<br><br>            Defendants. | No. CV-12-08193-PCT-GMS<br>**LEAD CASE**<br><br>No. CV-15-08095-PCT-GMS<br>(CONSOL. FOR TRIAL)<br><br>**ORDER** |
| Guidance Academy LLC, et al.,<br><br>            Counterclaimants,<br><br>v.<br><br>Daniel Hamilton,<br><br>            Counterdefendant. | |
| Daniel Hamilton,<br><br>            Plaintiff,<br><br>v.<br><br>Yavapai Community College District, et al.,<br><br>            Defendants.<br><br> and<br><br>United States of America,<br><br>            Movant. | |

Pending before the Court is Daniel Hamilton's ("Plaintiff") Motion for Attorneys Fees (Doc. 978). For the reasons below, Plaintiff's motion is denied.

## BACKGROUND

The facts of this matter are set forth in this Court's prior orders and are well-known to the parties. Plaintiff alleges that the Defendants engaged in a fraudulent scheme to obtain funding from the United States Department of Veterans Affairs ("VA"). His claims essentially assert Defendants defrauded the VA by obtaining funding in violation of 38 C.F.R. § 21.4201, otherwise known as Regulation 4201 or the 85/15 Rule. Defendants Guidance Academy, LLC, John L. Stonecipher, and Amanda Stonecipher ("Defendants-Counterclaimants") asserted two counterclaims against Plaintiff for defamation and intentional interference with contract relations. At Defendants-Counterclaimants' request, the Court dismissed the defamation counterclaim at a telephonic status conference nearly two weeks before trial. As part of the dismissal, the Court permitted Plaintiff to file an application for attorney's fees after the entry of judgment. The Court held a jury trial from June 8, 2021 to June 26, 2021. The jury found in favor of all Defendants on all counts. Plaintiff now asks for reasonable attorney's fees for the dismissed counterclaim.

## DISCUSSION

Plaintiff argues that the Court should award fees as a condition of dismissal under Rule 41(a)(2). However, Rule 41 does not apply because it governs the dismissal of all claims against a particular defendant, not the piecemeal dismissal of individual claims against a defendant. *See, e.g.*, *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 687 (9th Cir. 2005); *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1392 (9th Cir. 1988). When a party seeks to dismiss less than all the claims asserted against a defendant, the proper vehicle for dismissal is Rule 15. *Ethridge*, 861 F.2d at 1392; 8 James Wm. Moore, *Moore's Federal Practice* § 41.13; *see also Winkler v. GM Law Firm LLC*, No. CV-20-08248-PCT-DWL, 2020 WL 7027562, at *1 (D. Ariz. Nov. 30, 2020). Unlike Rule 41, Rule 15 does not explicitly allow the Court to impose conditions when it grants leave to amend. *See Stanton v. Cutter Honolulu Inc.*, No. 19-00239 JAO-WRP, 2019 WL

11553474, at *2 (D. Haw. Oct. 15, 2019) (holding that courts cannot award attorneys' fees under Rule 15); *Duong-Tran v. Kaiser Found. Health Plan of the Nw.*, No. 08–120–AC, 2008 WL 1909221, at *5–6 (D. Or. Apr. 28, 2008) (holding that attorneys' fees are unavailable under Rule 41 when the plaintiff dismisses fewer than all claims against a defendant); *see also Restoration Indus. Ass'n Inc. v. ThermaPure Inc.*, No. CV 13-03169-JVS (Rzx), 2014 WL 12603210, at *3–4 (C.D. Cal. Apr. 7, 2014) ("Because Rule 15 applies, and not Rule 41, attorney's fees are not appropriate here."). However, the Ninth Circuit has held that "a district court, in its discretion, may impose costs pursuant to Rule 15 as a condition of granting leave to amend in order to compensate the opposing party for additional costs incurred because the original pleading was faulty." *Gen. Signal Corp. v. MCI Telecomms. Corp.*, 66 F.3d 1500, 1514 (9th Cir. 1995)

Here, Defendants-Counterclaimants asserted two counterclaims against Plaintiff. (Doc. 132 at 25–27.) At the time the Court issued its order dismissing the defamation claim, there remained a pending claim for intentional interference with contractual relations. That claim was not dismissed until trial. (Doc. 974 at 2); (Doc. 939 at 136–38.) Therefore, Rule 41 does not apply to the dismissal of the defamation claim; instead, Rule 15 applies, and the Court may condition the dismissal on an award of fees only if the original pleading was "faulty." *See East Bay Drivers Ass'n v. Kaur*, No. C03–1241 SI, 2003 WL 21439216, at *3 (N.D. Cal. June 9, 2003); *Carlin v. DairyAmerica, Inc.*, No. 1:09–CV–00430 AWI EPG, 2017 WL 3671860, at *19 (E.D. Cal. Aug. 25, 2017).

Defendants-Counterclaimants' original pleading was not "faulty." The defamation claim survived a motion to dismiss (Doc. 184), motion for judgment on the pleadings (Doc. 416), and a motion for summary judgment (Doc. 620). Further, as it pertains to the tort claims that were dismissed, Plaintiff fails to offer any authority that attorneys' fees are awardable under Arizona state law for prevailing in a tort case. For these reasons, the Court declines to award fees.

## CONCLUSION

Because the Court lacks the power to condition the defamation claim's dismissal on

an award of fees, Plaintiff's motion is denied.

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Attorneys Fees (Doc. 978) is **DENIED**.

Dated this 3rd day of February, 2022.

*G. Murray Snow*
G. Murray Snow
Chief United States District Judge