**WO**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Hamilton, | No. CV-12-08193-PCT-GMS |
|         Plaintiff, | **LEAD CASE** |
| v. | No. CV-15-08095-PCT-GMS (CONSOL. FOR TRIAL) |
| Yavapai Community College District, et al., | |
|         Defendants. | **ORDER** |

Guidance Academy LLC, et al.,

        Counterclaimants,

v.

Daniel Hamilton,

        Counterdefendant.

Daniel Hamilton,

        Plaintiff,

v.

Yavapai Community College District, et al.,

        Defendants.

and

United States of America,

        Movant.

1    Pending before the Court is Daniel Hamilton's ("Plaintiff") Motion for Review of

2    Taxation of Costs (Doc. 997).  For the reasons below, Plaintiff's Motion is granted.

3                                        **BACKGROUND**

4            The facts of this matter are set forth in this Court's prior orders and are well-known

5    to the parties.  Plaintiff alleges that the Defendants[1] engaged in a fraudulent scheme to

6    obtain funding from the United States Department of Veterans Affairs ("VA").  His claims

7    essentially asserted that Defendants defrauded the VA by obtaining funding in violation of

8    38 C.F.R. § 21.4201, otherwise known as Regulation 4201 or the 85/15 Rule.  (Doc. 82.)

9    The Court held a jury trial from June 8, 2021 to June 26, 2021.  (Docs. 862, 904.)  The jury

10   found in favor of all Defendants on all counts.  (Doc. 915.)  As prevailing parties, the Clerk

11   of Court assessed costs in favor of Defendants and against Plaintiff in the amount of

12   approximately $60,000.   (Doc. 996.)   Plaintiff objected to the assessment of costs.

13   (Doc. 997.)  Pursuant to a stipulation, the Clerk of Court reduced the amount of assessed

14   costs for the NorthAire Defendants to $0.  (Doc. 1009.)  Plaintiff maintains, however, that

15   no costs should be awarded in favor of any remaining Defendant.

16                                        **DISCUSSION**

17           Federal Rule of Civil Procedure 54(d)(1) provides that "costs—other than attorney's

18   fees—should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1).  "By its terms,

19   the rule creates a presumption in favor of awarding costs to a prevailing party, but vests in

20   the district court discretion to refuse to award costs."  *Ass'n of Mexican-Am. Educators v.*

21   *California*, 231 F.3d 572, 591 (9th Cir. 2000).  The Ninth Circuit has recognized the

22   following as appropriate reasons for denying costs: "(1) the substantial public importance

23   of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect

24   on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic

25   disparity between the parties."  *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236,

26

27   [1] The Defendants in this case are Yavapai Community College District ("Yavapai");
     Guidance Academy LLC and John and Amanda Stonecipher ("Guidance Defendants");
28   John and April Morgan ("Morgan Defendants"); and North-Aire Aviation LLC and Justin
     and Angela Scott ("NorthAire Defendants").

1247–48 (9th Cir. 2014).  The *Escriba* factors are "'not an exhaustive list of "good reasons"

for declining to award costs,' but rather a starting point for analysis."  *Id.* (quoting *Mexican-*

*Am. Educators*, 231 F.3d at 593).  "[A] losing party need not demonstrate that all five

factors weigh against imposing costs" for the district court to properly deny costs to the

prevailing party.  *Draper v. Rosario*, 836 F.3d 1072, 1087 (9th Cir. 2016).

### A.  Substantial Public Importance

The first factor weighs slightly in Plaintiff's favor.  The False Claims Act ("FCA")

imposes civil liability upon "any person who . . . knowingly presents, or causes to be

presented, a false or fraudulent claim for payment or approval."  31 U.S.C. § 3729(a).  The

defendant is liable to the United States "for up to treble damages and a civil penalty of up

to $10,000 per claim."  *Vt. Agency of Nat. Res. v. United States ex rel. Stevens*, 529 U.S.

765, 769 (2000); § 3729(a).  "An FCA action may be commenced in one of two ways."

*Stevens*, 529 U.S. at 769.  "First, the Government itself may bring a civil action against the

alleged false claimant."  *Id.*; § 3730(a).  Second, "a private person (the relator) may bring

a *qui tam* civil action 'for the person and for the United States Government' against the

alleged false claimant."  *Stevens*, 529 U.S. at 769 (quoting § 3730(b)(1)).  If the claim is

successful, the relator receives a bounty representing a share of the proceeds.  § 3730(d).

The structure of the FCA encourages relators to come forward with information

regarding fraudulent claims by offering financial incentives.  This structure partially

alleviates the burden on the federal government to do such investigations on its own.  Thus,

the FCA serves an important public function: it provides a broader mechanism for the

federal government to recoup payments procured through fraud.  This is an important

public interest; however, it does not raise the same interests as cases involving civil rights,

which pose unique public policy concerns.  *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069,

1079–80 (9th Cir. 1999); *Zarco v. VWR Int'l, LLC*, No. 20-cv-00089-HSG, 2021 WL

5918399, at *2 (N.D. Cal. Dec. 15, 2021); *see also Draper v. Rosario*, 836 F.3d at 1088–

89.  Moreover, Plaintiff did not prevail on any claim in this case, even if his actions resulted

in the VA stopping payments to Defendants years after the lawsuit had commenced.

1    Therefore, while this factor does weigh in Plaintiff's favor, it does so only slightly.

2    **B.  Closeness and Difficulty of the Issues**

3    This case was far from an easy one.  The litigation lasted for the better part of a

4    decade, and several of Plaintiff's claims survived motions to dismiss, for judgment on the

5    pleadings, and for summary judgment (Docs. 127, 414; 620).  The trial lasted twelve days

6    and involved multiple motions and briefings from both sides.  (*E.g.*, Docs. 867, 868, 869,

7    870, 873, 875, 876, 877, 878, 884, 888, 890, 891, 892, 896, 897, 899.)  Moreover, there is

8    currently an appeal pending with the Ninth Circuit.  (Docs. 989, 990.)  Because the issues

9    in this case were close, and because Plaintiff's claims were not frivolous, this factor weighs

10   in his favor.

11   **C.  Chilling Effect on Future Actions**

12   The third factor, again, weighs slightly in Plaintiff's favor.  Although it is true that

13   there is always a chilling effect in awarding costs against a losing plaintiff in a qui tam

14   action, it is also true that imposing almost $60,000 worth of costs against an individual

15   plaintiff poses a heightened risk of chilling future actions.  That is especially so in a case

16   of this magnitude, which has lasted for a decade, involves several large law firms, and

17   numbers over a thousand docket entries.  Therefore, while the Court recognizes that there

18   will always be *some* chilling effect in these types of cases, it also recognizes that the facts

19   of this case caution against awarding costs.  Accordingly, while only slightly, this factor

20   weighs in Plaintiff's favor.

21   **D.  Plaintiff's Limited Financial Resources**

22   Plaintiff filed an application to proceed in forma pauperis ("IFP") with this Court

23   for his pending appeal with the Ninth Circuit.  In his application, Plaintiff represented that

24   he is self-employed, and his wife and three children are financially dependent on him.

25   (Doc. 994 at 3, 5).  He also represented that his only income was approximately $3,092

26   from a rental property, and he had only $2,000 in savings.  (Doc. 994 at 2, 4.)  His average

27   monthly expenses exceeded his income.  (Doc. 994 at 6–7.)  Given these representations,

28   which Defendants do not seem to dispute, this factor weighs heavily in Plaintiff's favor.

- 4 -

### E. Economic Disparity Between the Parties

The final factor weighs for Plaintiff. Yavapai is protected from liability by the Arizona School Risk Retention Trust ("the Trust").[2]  (Doc. 979 at 5.)  Although the Court recognizes that Yavapai is a publicly funded entity, it still holds far more assets than Plaintiff. The Guidance Defendants are also likely[3] indemnified by Yavapai, who, as noted above, will have its costs covered by the Trust. (Doc. 947-10 at 10.)  Because Yavapai and the Trust can clearly absorb the costs more readily than Plaintiff, this factor weighs in Plaintiff's favor.

The Morgan Defendants contend that they have borne the costs of this lawsuit themselves despite Plaintiff's assertion that they are covered by the Trust. (Doc. 982 at 2.) However, in October 2017, counsel for the Morgan Defendants represented that they were covered by the Trust.  (Doc. 1004-1.)  Regardless of the factual dispute, the economic disparity between Plaintiff and the Morgan Defendants at least slightly weighs in Plaintiff's favor when considered in light of the representations made in Plaintiff's IFP application.

### F. Whether the Factors Outweigh the Presumption of Awarding Costs

The presumption in this circuit is that prevailing parties, in this case Defendants, should be awarded costs.  However, all five factors weigh in Plaintiff's favor, albeit with some weighing only slightly.  Because Plaintiff is financially unable to bear the costs of this lawsuit, and because of the public interest in encouraging whistleblowers under the FCA, the Court will decline to award costs to any Defendant.  *See Raiser v. San Diego Cnty.*, No. 19-CV-751-GPC, 2021 WL 5234410, at *2 (S.D. Cal. Nov. 10, 2021) ("'Costs are properly denied when a plaintiff would be rendered indigent' if forced to pay them." (quoting *Escriba*, 743 F.3d at 1248)).  Nevertheless, the Court recognizes that, by not

---

[2] Although Plaintiff did not attach a copy of the relevant supportive documents, he did provide an excerpt that Yavapai has not objected to.  (Doc. 979 at 5); (Docs. 980, 999.) Accordingly, the Court will treat the excerpt as accurate.

[3] The indemnification clause at issue contains an exception for "negligence or willful misconduct of Guardian Indemnified Parties [that] contributes to . . . Losses." (Doc. 947-10 at 10.)  Because the Guidance Defendants do not object to Plaintiff's assertion that the Guidance Defendants are indemnified by Yavapai, (Doc. 983 at 2), the Court will presume the assertion to be true.

awarding costs to Defendants, Plaintiff would ordinarily receive his full award of $2,364.25 against the Guidance Defendants.  Plaintiff—although perhaps the prevailing party on the counterclaims—is not the prevailing party in this litigation, and it would be unjust for him to be excused from paying costs yet benefit from receiving them on only a comparatively small set of issues in this case.  Accordingly, the Court finds that parties shall bear their own costs.

## CONCLUSION

The *Escriba* factors are sufficient to overcome the presumption of awarding costs against Plaintiff in this case.  However, because Plaintiff is excused from paying nearly $60,000 in costs, his cost award against the Guidance Defendants is reduced to $0.  Accordingly, Plaintiff's Motion is granted.

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Review of Taxation of Costs (Doc. 997) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Order of Taxation of Costs (Doc. 996) be modified to show an award of $0.00 in costs against Plaintiff and for Defendants Yavapai Community College District, Guidance Academy LLC, John Stonecipher, Amanda Stonecipher, John Morgan, and April Morgan.

**IT IS FURTHER ORDERED** that costs are hereby taxed for Plaintiff and against Defendants Guidance Academy LLC and John and Amanda Stonecipher in the amount of $0.00.

Dated this 18th day of February, 2022.

G. Murray Snow
Chief United States District Judge